Hattie Kurth BROWN, Appellant,

v.

Florrie Gregg BYRD, Appellee.

No. 773.

Court of Civil Appeals of Texas, Tyler.

July 25, 1974.

Rehearing Denied Aug. 22, 1974.

See also, Tex.Civ.App., 512 S.W.2d 758.

Arthur E. Moers, Jr., Houston, for appellant.

Johannes, Robertson & Wilkinson, Jack Johannes, Ronald L. Wilkinson, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a contest of an application to probate a will. The appellee, Florrie Gregg Byrd, offered for probate an instrument purporting to be the last will of Elizabeth Francis Gregg, deceased, and from an order of the County Court admitting such will to probate as a muniment of title, appeal has been made to this court. The trial court made and filed, separately, its findings of fact. The court's conclusions of law are found only in the order admitting the will to probate wherein the court found that appellee "was not in default in failing to present the same for probate within the four years aforesaid or prior to the time she so presented same for probate as Muniments of Title  *  *  *."

Elizabeth Francis Gregg died on the 5th day of May, 1940, survived by three children: Eldridge R. Gregg, Florrie Gregg Gee and Nell Gregg Kurth. In April of 1944 the holographic will and first codicil of Elizabeth Francis Gregg were discovered. The will was not offered for probate until December 5, 1973.

At the time of the death of Elizabeth Francis Gregg, her daughter, Nell Gregg Kurth, had four children: Florrie Gregg Byrd, Hattie Kurth Brown, Melvin Kurth and Gregg Kurth. These four children also survived beyond the death of their mother which occurred on October 20, 1952.

The handwritten will in question was dated July 3, 1935, and on the back of it appeared a holographic codicil which was not dated or signed (the trial court refused to permit probate of the codicil, from which no appeal was taken). Elizabeth Francis Gregg willed all her property, both real and personal, as follows:

"  *  *  *  One third each to my son E. R. Gregg, one third· to my daughter

Florrie Gregg Gee, and one third to my daughter Nellie Gregg Kurth during her lifetime and at her death to my granddaughter Florrie Kurth. I appoint E. R. Gregg and H. W. Gee executors of my will, without bond."

Florrie Kurth, mentioned above, is the same person as Florrie Kurth Byrd and Florrie Gregg Byrd, proponent of the will and appellee before this court.

Hattie Kurth Brown, appellant and sister of appellee, contested the admission of the will to probate in the trial court. Appellant filed five points of error, the essence of which allege the trial court erred in admitting the will to probate as a muniment of title because there is no evidence that Florrie Gregg Byrd, the proponent, was not in default in offering such will for probate prior to four years after the death of Elizabeth Francis Gregg and prior to the day it was presented on December 5, 1973.

The period of time within which a will may be offered for probate is governed by V.A.T.S., Probate Code, Sec. 73(a), which provides, in part, as follows:

"(a) No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

The term "default" means a failure to do the act required; but as used in the statute above quoted, it means a failure due to the absence of reasonable diligence on the part of the party offering the instrument. House v. House, 222 S.W. 322, 325 (Tex. Civ.App., Texarkana, 1920, n. w. h.).

In reply to appellant's points of error, the appellee presents a chronological depiction and explanation of the surrounding circumstances to excuse her delay in offering the will for probate at an earlier date. She relies on the fact that she did not learn of the existence of her grandmother's will until April 18, 1944, approximately seventeen days prior to the expiration of four years since the death of Elizabeth Francis Gregg. At the time appellee learned of the will she was living in California with ner naval officer husband, Hilton H. Byrd. She testified that arrangements could not have been made to return to Texas in order to probate the will due to the difficulty of travel during the wartime effort.

On April 18th, 1944, appellee received a letter from her aunt, requesting that appellee and her husband sign and acknowledge an agreement already signed and acknowledged by her mother, Nell Gregg Kurth, which agreement appears as follows:

"THE STATE OF TEXAS
"COUNTY OF CHEROKEE

"WHEREAS, on July 3, 1935, Mrs. Elizabeth F. Gregg did execute a certain instrument wherein she vested the title to her personal and real property, at her death, as follows:

one-third to E. R. Gregg
one-third to Florrie Gregg Gee, and
one-third to Florrie Kurth

Said last mentioned one-third interest subject to a life estate in all the fruits, revenues and income of said property in favor of Nell Gregg Kurth; and

"WHEREAS, the said Mrs. Elizabeth F. Gregg died on May 5, 1940; and

"WHEREAS, it is the desire of each of the hereinafter subscribers that the wishes of the said Mrs. Elizabeth F. Gregg be complied with, and in order to avoid the necessity of any kind of pro-

bate proceedings we, the undersigned, do hereby make the following agreement with reference to said property:

"At the death of the said Nell G. Kurth, it is agreed that all the reservations in her favor upon the one-third of the estate of Mrs. Elizabeth F. Gregg will automatically expire so that thereafter title in favor of Florrie Kurth Byrd to said property shall be free of any reservations whatsoever; reserving, however, to Nell Gregg Kurth all of the fruits, income and revenues from said property so long as the said Nell G. Kurth shall live.

"This instrument is executed by the interested parties in recognition of the fact that the title of the said one-third of the Estate of Mrs. Elizabeth F. Gregg is already vested in Florrie Kurth Byrd burdened with a life estate in favor of Nell Gregg Kurth.

"Witness our hands this 15th day of April, A. D. 1944.

/s/ Nell Gregg Kurth
(acknowledgments)    /s/ Hilton H. Byrd
/s/ Florrie Kurth Byrd"

It is appellee's position that even if the will is denied probate, this agreement constitutes a conveyance from Nell Gregg Kurth to her of the same interest she would have received under the will.

In October, 1952, Nell Gregg Kurth died. The following month a family meeting was held at the former residence of Nell Gregg Kurth. The meeting was attended by Hattie Kurth Brown, appellant; John O. Brown, Jr., (husband of appellant); Melvin Kurth; Florrie Gregg Byrd (appellee); Hilton H. Byrd (husband of appellee); and E. R. Gregg. At this meeting the wills of Elizabeth Francis Gregg and her Husband, E. L. Gregg, were discussed. E. L. Gregg had died prior to his wife leaving a holographic will which also had not been probated. E. R. Gregg had

managed the estates of both E. L. Gregg and Elizabeth Francis Gregg since their demise. It was agreed among the parties present that E. R. Gregg would continue to manage the combined estates of Mr. & Mrs. Gregg. Further it was agreed that under the terms of the wills of both E. L. Gregg and Elizabeth Francis Gregg their combined estates were owned in the following portions:

⅓ by E. R. Gregg;
⅓ by Florrie Gregg Gee;
5/24 by Florrie Gregg Byrd;
1/24 by Hattie Kurth Brown;
1/24 by Melvin Kurth; and
1/24 by Gregg Gurth.

For twenty-one years following the family meeting, E. R. Gregg administered the combined estates, paying out income, dividing capital distributions and extracting income taxes in the above proportions. Dispute as to the ownership did not arise until suit was filed in the District Court of Cherokee County, attempting to partition the estates of E. L. Greeg and Elizabeth Francis Gregg.

The findings of fact filed by the trial court reveal that Florrie Gregg Byrd has known since April 18, 1944, that E. R. Gregg has had sole possession and custody of the last will and testament and first codicil of Elizabeth Francis Gregg, deceased, until same was produced by him upon trial of this cause; that appellee has known since April 18, 1944, that the will was never offered for probate prior to her application herein; and that appellee at no time from April 18, 1944, up to the filing of her application for probate herein requested the will of Elizabeth Francis Gregg be offered for probate.

▮ Accepting the findings of the trial court as supported by evidence, nevertheless, we do not believe said findings are sufficient as a matter of law to support the court's legal conclusion that appellee was

not in default in failing to present the will in question for probate within the four years after the death of Elizabeth Francis Gregg or prior to the time she so presented the will for probate.

Appellee's excuse for not filing her grandmother's will earlier, that she first learned of the will just days prior to the expiration of four years after the death of Elizabeth Francis Gregg while residing in California, we believe is without merit. While this might be an excuse under some circumstances to the extent that it may represent a disability or incapacity excusing delay for a reasonable time, it does not merit a delay of approximately twenty-seven years prior to her filing application. The trial court found that Florrie Gregg Byrd, appellee, and her husband, Hilton Byrd, moved to Lufkin, Texas, in May 1946, and continued to live there until December 31, 1956. So, even after returning to Texas in 1946, at no time prior to December 5, 1973, did she offer the will for probate. Furthermore, there was no showing that the will could not be proved up without her physical presence in the probate court.

Also, to excuse her default, appellee relies heavily upon the verbal family agreement to determine ownership of the estate. Family arrangements are not new to the law and have been dealt with before. We conform to the views of the court in the case of Armendariz De Acosta v. Cadena, 165 S.W. 555 (Tex.Civ.App., El Paso, 1914, error ref'd.). When confronted with a similar type of agreement to excuse a delay in filing for probate, the Court of Civil Appeals in the Cadena case wrote the following:

"Proponent seeks by allegations to excuse his default in not making application to probate the will within the time prescribed by the statute. In our opinion, his excuse for not making application within time is insufficient. It appears that he was advised of the contents of the instrument within a month after the death of the testator, and that he waived the provisions of the will in favor of a verbal agreement which he entered into with the other beneficiaries thereunder. In accordance with the verbal agreement, the estate was administered upon; he being appointed the administrator. Because the other parties to the agreement refused to carry out its terms is not a sufficient excuse under the statute to avoid this delay. We will not attempt to enumerate reasons why an application for the probate of a will should be made within the time as prescribed by the statute. It is enough to say that sound public policy demands that wills be expeditiously probated. One of the reasons, no doubt, was to prevent the estate from being otherwise administered upon, as was done in the instant case. Besides, title to the estate should be vested in those entitled to receive it, free from the complications which such delays often cause."

For the reasons stated therein, we hold the excuse insufficient to avoid default.

Appellee testified she graduated from high school but had no college, special or legal education. On the other hand, E. R. Gregg was many years her senior, a respected member of the community and President of the Citizens State Bank of Rusk, Texas. Appellee felt he would take any action necessary to protect the estate. However, it was known to appellee that E. R. Gregg was not an attorney and that he had never offered the will for probate. To excuse her failure to take some action herself, appellee testified she had no knowledge of probate proceedings and the term "probate" meant nothing to her. It is a common maxim, familiar to all, that "ignorance of the law" will not excuse any person either civilly or criminally. See Barlow v. United States, 32 U.S. 404, 411, 8 L.Ed. 728. We deem such maxim applicable under the facts of this case. To hold otherwise would virtually eliminate the element of default from V.A.T.S., Probate Code, Sec. 73(a).

Finally, appellee contends that even if the will of Elizabeth Francis Gregg is ultimately denied probate, that she nevertheless has title to one-third of the estate due to a conveyance from appellee's mother to appellee and her husband. The agreement to which reference is made was set out in toto earlier in this opinion. The agreement was entered into only a short time after the will of Elizabeth Francis Gregg was discovered in 1944. It is appellee's position that although the agreement was not in the usual form of a deed due to the omission of technical words, it is sufficient to pass title to the property.

Admittedly, it is no longer necessary that a deed contain formal paragraphs, nor is it necessary to use technical words. The intention of the parties is determined from the whole of the instrument. If from the whole instrument a grantor and grantee can be ascertained and there are operative words or words of grant showing an intention by the grantor to convey title to land which is sufficiently described to the grantee, and it is signed and acknowledged by the grantor, it is a deed. Harlowe v. Hudgins, 84 Tex. 107, 19 S.W. 364 (1892); Harris v. Strawbridge, 330 S.W.2d 911 (Tex.Civ.App., Houston, 1959, writ ref'd., n.r.e.).

The agreement in question does not show an intention on the part of the grantor to convey title to property. Rather, its purpose seems to be to recognize and acquiesce in the terms of the will of Elizabeth Francis Gregg. The last paragraph of the will recognizes the fact that the title of the said one-third of the estate of Mrs. Elizabeth F. Gregg is already vested in Florrie Kurth Byrd burdened with a life estate in favor of Nell Gregg Kurth. If the grantor, Nell Gregg Kurth, expressly recognized that she only had a life estate, then her intent was not to convey a greater interest.

For the reasons stated, the judgment is reversed and rendered for the appellant.