Hattie Kurth BROWN, Appellant,

v.

Florrie Gregg BYRD, Appellee.

No. 772.

Court of Civil Appeals of Texas, Tyler.

July 25, 1974.

Rehearing Denied Aug. 22, 1974.

Arthur E. Moers, Jr., Houston, for appellant.

Johannes, Robertson & Wilkinson, Jack Johannes, Ronald L. Wilkinson, Dallas, for appellee.

McKAY, Justice.

This is an appeal from an order admitting a will to probate. Florrie Gregg Byrd, appellee, filed an application to probate the will of E. L. Gregg, deceased. Such application was contested by Hattie Kurth Brown appellant, and after hearing the evidence, the County Court admitted the will to probate as a muniment of title, and appeal was taken from such order.

This case is related to Cause No. 773, Brown v. Byrd, Tex.Civ.App., 512 S.W.2d 753, in which the opinion of this Court is delivered this date. Cause No. 773 is concerned with an application to probate the will of Elizabeth Francis Gregg, (and reference is made to the opinion in that case for supplemental facts), while the instant case is concerned with the application to probate the will of E. L. Gregg, husband of Elizabeth Francis Gregg.

The trial court made and filed findings of fact[1] but his conclusions of law are found only in the order admitting the will to probate wherein the court found that "the proponent * * * was not in default in failing to present the same for probate within the four years aforesaid or prior to the time she so presented same for probate as Muniments of Title."

E. L. Gregg died April 20, 1934, in Cherokee County, Texas. His last will and tes-

[1] "1. That E. L. GREGG died on the 20th day of April, 1934 in Cherokee County, Texas at the age of 94 years and at the time of his death he resided and had his domicile in the County of Cherokee, State of Texas.

"2. That the instrument offered for probate as the Last Will and Testament dated July 16, 1929 and First Codicil thereto dated March 20, 1930 of E. L. GREGG is the Last Will and Testament and First Codicil of E. L. GREGG, Deceased.

"3. That the Last Will and Testament of E. L. GREGG was not offered for probate within four years after the date of death of E. L. GREGG.

"4. That FLORRIE GREGG GEE, E. R. GREGG and NELL GREGG KURTH were the only surviving children of E. L. GREGG, Deceased on April 20, 1934.

"5. That E. R. GREGG, FLORRIE GREGG GEE and NELL GREGG KURTH agreed not to probate the Last Will & Testament of E. L. GREGG prior to 1953.

"6. That E. R. GREGG, FLORRIE GREGG GEE and NELL GREGG KURTH knew of the existence, contents and provisions of the Last Will & Testament and First Codicil of E. L. GREGG shortly after his death.

"7. NELL GREGG KURTH died on the 20th day of October, 1952, and was survived by her children FLORRIE KURTH BYRD, HATTIE KURTH BROWN, MELVIN GREGG KURTH and GREGG KURTH.

"8. That FLORRIE GREGG BYRD knew of the existence and contents and provisions of the Last Will & Testament and First Codicil of E. L. GREGG in 1953.

"9. That E. R. GREGG has had sole custody and physical possession of the Last Will & Testament and First Codicil of E. L. GREGG since shortly after the death of E. L. GREGG, Deceased up to and including January, 1974.

"10. That FLORRIE GREGG BYRD has known that E. R. GREGG had physical possession and sole custody of the Last Will & Testament and First Codicil of E. L. GREGG since 1953.

"11. That FLORRIE GREGG BYRD knew the Last Will & Testament and First Codicil of E. L. GREGG had not been probated in July, 1953, or at any time thereafter.

"12. That FLORRIE GREGG BYRD never requested the probate of the Last Will & Testament and First Codicil of E. L. GREGG, Deceased until filing of her application to probate same in this cause."

tament was dated July 16, 1929, with first codicil thereto dated March 20, 1930. E. L. Gregg was survived by three children namely, E. R. Gregg, Florrie Gregg Gee and Nell Gregg Kurth, and each of the children knew of the existence, contents and provisions of the will and codicil shortly after the death of E. L. Gregg, but they agreed prior to 1953 not to probate the will.

Nell Gregg Kurth died October 20, 1952, and was survived by her children Florrie Kurth Byrd, appellee, Hattie Kurth Brown, appellant, Melvin Gregg Kurth and Gregg Kurth. E. R. Gregg had custody and possession of the will and codicil of E. L. Gregg from shortly after the death of E. L. Gregg until after the application to probate such will in December, 1973, but Florrie Gregg Byrd, appellant and proponent, knew of the existence and contents and provisions of the will and codicil in 1953, and she knew E. R. Gregg had possession of such will and codicil. Florrie Gregg Byrd knew there had been no probate of the will of E. L. Gregg in July, 1953, or at any time thereafter, and she never requested the probate of such will until the filing of her application to probate same in this cause.

Hattie Kurth Brown, appellant, sister of appellee, contested the admission of the will to probate in the trial court, and brings five points of error on this appeal. Appellant contends that Nell Gregg Kurth, deceased, mother of appellee and appellant, and a devisee under the will of E. L. Gregg, and the predecessor in interest to proponent appellee, was in default in not offering such will for probate within four years after the death of E. L. Gregg, and that Florrie Gregg Byrd is likewise in default for not offering the will for probate prior to December 5, 1973. Appellant also contends the findings of fact do not support the judgment in that such findings show, as a matter of law, that both Nell Gregg Kurth and Florrie Gregg Byrd were in default. We sustain these contentions

and reverse and render judgment for appellant.

The will of E. L. Gregg provided in part as follows:

"It is my wish and will that my wife Mrs. E. L. Gregg do have and control all my property both real and personal owned by me, during her lifetime, and after her death the same to become the property of my three (3) living heirs, share and share alike as follows one share to Mrs. Homer W. Gee, one share to Eldridge R. Gregg and one share to Mrs. Nellie Kurth."

As pointed out, E. L. Gregg died in 1934, and Mrs. Nellie Kurth (same as Nell Gregg Kurth), mother of appellee and appellant, was a devisee under the will of E. L. Gregg, her father. Elizabeth Francis Gregg, wife of E. L. Gregg, died in 1940. Nell Gregg Kurth, mother of the parties here, knew of the existence, contents and provisions of the will and codicil shortly after the death of E. L. Gregg.

Sec. 73, Probate Code, V.A.T.S., provides:

"No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

The rule in Texas seems to be that the burden is upon a proponent to show he or she was not in default in not presenting a will for probate within the proper time, and that a proponent would not be considered personally in default if he or she did not know of the existence of the will provided such proponent was not negligent in failing to discover whether there was a will. However, if any devisee

was in default, such default would bar his or her descendants from any right to have such will probated. Abrams v. Ross' Estate, 250 S.W. 1019 (Tex.Comm.App., 1923); Matt v. Ward, 255 S.W. 794 (Tex. Civ.App.—Fort Worth, 1923, writ ref'd); Faris v. Faris, 138 S.W.2d 830 (Tex.Civ. App.—Dallas, 1940, writ ref'd).

Faris v. Faris, supra, quotes with approval from the headnote in Matt v. Ward, supra, as follows:

"Within Vernon's Sayles' Ann.Civ.St. 1914, art. 3248, (now 3326), prohibiting admission of will to probate more than four years after testator's death, unless the party applying therefore was not in default in failing to present it earlier, a devisee knowing for months before her death of the existence of the will, and failing to present it for probate, her heir may not have it probated after lapse of the four years, though presenting it soon after learning of it."

 Although Florrie Gregg Byrd, proponent and appellee, claimed she first learned of the contents of the will in 1970, the trial court found that she knew of the existence and contents in 1953 and that she knew E. R. Gregg had possession of the will and codicil. We believe the record supports such finding by the trial court and we are bound by it. Therefore, Florrie Gregg Byrd, proponent, was in default herself. Farr v. Bell, 460 S.W.2d 431 (Tex.Civ.App.—Dallas, 1970, no writ); House v. House, 222 S.W. 322 (Tex.Civ. App.—Texarkana, 1920, no writ). While we accept the findings of the trial court as supported by the evidence, we do not believe such findings are sufficient as a matter of law to support the trial court's legal conclusion that appellee was not in default.

Appellee contends that she learned only in 1970 what probate really meant and that she had relied on her uncle, E. R. Gregg, and the agreement of all the family in 1952 as to the ownership of the property under the will of her grandfather and grandmother, and that distribution of income or funds from sales had conformed to such family agreement for over twenty years. We believe such excuse for failure to probate the will is not sufficient. Armendariz de Acosta v. Cadena, 165 S.W. 555 (Tex. Civ.App.—El Paso, 1914, writ ref'd).

There are numerous Texas cases which hold that a will may be admitted to probate notwithstanding the passage of the statutory time limit where the will is offered by the grantee of property seeking not to inherit but to perfect or establish title to property. Many of these cases are cited in 17 A.L.R.3d, pp. 1366–1369, and in Farr v. Bell, supra. These authorities are not applicable to the case at bar.

We are of the opinion that both Nell Gregg Kurth and Florrie Kurth Byrd were in default under the findings of the trial court and the record in this cause and that the trial court was in error in admitting the will of E. L. Gregg to probate.

The judgment of the trial court is reversed and judgment is rendered for appellant.