**Margaret L. Woodward KAMOOS,**
**Appellant,**

v.

**Hazel WOODWARD, Appellee.**

**No. 15998.**

Court of Civil Appeals of Texas,
San Antonio.

May 10, 1978.

Rehearing Denied June 21, 1978.

Charles G. Childress, Daniel D. Densford, San Antonio, for appellant.

Robert P. Sims, Sims & Sims, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit to set aside probate of a will as a muniment of title. Appellee, Hazel Woodward, filed an original action for probate of the will involved as a muniment of title in Cause No. 144,218, on October 13, 1976, in the County Court of Bexar County, Texas. Citation was by posting, and the order admitting the will to probate as a muniment of title was signed by the trial court on October 26, 1976. No contest was filed to the application to probate such will. Approximately eight months thereafter, appellee, Margaret L. Woodward Kamoos, filed suit on June 8, 1977, in Cause No. 145,890, in the same court, seeking to set aside the order probating said will on the grounds that the applicant was in default in failing to present the will for probate within four years after the testator's death. After a hearing before the court, judgment was entered by the trial court denying the petition to set aside the probate of such will.

By one point of error, appellant asserts that the trial court erred in failing to set aside the will of Newt Paul Woodward because the evidence conclusively establishes that the party applying for probate was in default for failing to present the will for probate within four years after the death of the testator.

Appellee asserts that the determination of default is a fact question, while appellant argues that such determination is a question of law; and that the trial court erred as a matter of law: (a) in probating the will of Newt Paul Woodward, and (b) in refusing to set aside the probate of such will. We disagree with appellant's contention and affirm the judgment of the trial court.

The undisputed facts show:
(1) Newt Paul Woodward died on December 14, 1971;
(2) Hazel Woodward, the decedent's wife, had his will in her possession at his death;
(3) Such will was offered for probate more than four years after the death of the testator and was admitted to probate as a muniment of title;

(4) Hazel Woodward is the sole beneficiary under the will;

(5) According to the inventory filed in such case, the decedent had a gross estate of slightly over $4,000.00, consisting entirely of community property of decedent and Hazel Woodward, principally a mobile home and two cars;

(6) Although not known to appellee at such time, the decedent was also an heir to an oil and gas royalty interest;

(7) Margaret L. Woodward Kamoos was a child born to decedent by a previous marriage; and

(8) Hazel Woodward probated the will within a few weeks after she was contacted by an oil company who told her of such royalty interest.

Tex.Prob.Code Ann. § 73(a) (Supp.1978) provides:

(a) No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator.

Although it has been somewhat common practice in Texas to admit wills to probate as a muniment of title after a period of four years from decedent's death, the court decisions show some disarray. Basically, these cases have fallen into several categories:

(a) Cases involving lost or undiscovered wills or wills concealed or withheld from the proponent. Texas courts have been somewhat liberal in allowing these wills to be probated.

(b) Cases where the will is offered for probate to establish a link in the chain of title to property. In a number of Texas cases, it has been held that a will may be admitted to probate notwithstanding the passage of the statutory time limit where it is offered by a grantee of property seeking not to inherit but to perfect or establish title to that property.

(c) Cases involving an agreement by the heirs not to probate the will. Texas courts have generally held that this alone is not a sufficient excuse.

See Annot. 17 A.L.R.3d 1361, 1364, 1366 (1968).

Appellant relies heavily on the case of *Faris v. Faris*, 138 S.W.2d 830 (Tex.Civ.App. —Dallas 1940, writ ref'd). *Faris* was an appeal from the denial of probate as a muniment of title. The father left a will leaving his entire estate to his wife. The wife left the will in her lock box where it remained until after her death. The wife survived the testator nearly 20 years. After the wife's death, the proponent of the will withdrew the will from the lock box and offered it for probate. The will was probated by the probate court, but, thereafter, a contest was filed. The contest was upheld by the district court and the will of the father, George Faris, was denied probate as a muniment of title.

The court held that the wife, Sophia Faris, abandoned any rights she might have had under the will of her husband by not offering it for probate while it was in her possession for a period of about 20 years; and that as a matter of law it was against public policy to allow a will to be probated some 19 years after the death of the testator when the person having a right to probate had it in her possession during all such period of time. The proponent, a son, asserted that he had not defaulted because he offered the will for probate immediately after his mother's death and that prior to such time he had no interest under the will. The appellate court held that the record supported the finding that the mother had abandoned all right under the will and was conclusively in default for not probating her husband's will within the period involved; that, therefore, she had no interest in the property, and that proponent could only take what she had.

*Brown v. Byrd*, 512 S.W.2d 758 (Tex.Civ. App.—Tyler 1974, no writ), is also relied upon heavily by appellant. This is a companion case to *Brown v. Byrd*, 512 S.W.2d 753 (Tex.Civ.App.—Tyler 1974, no writ), both of which cases were handed down on the same day by the Tyler Court of Civil Appeals, and involved wills of · Elizabeth Frances Gregg and her husband, E. L. Gregg.

The case of *Brown v. Byrd*, 512 S.W.2d 758, involves the will of the husband, E. L. Gregg, and was an appeal from an order admitting the will to probate. The appellate court in reversing and rendering the judgment of the trial court stated that the record supported the trial court's finding that the appellee (proponent) had known of the will and its contents and had possession of such will as early as 1953. The court held that appellee's contentions, that she learned only in 1970 what probate meant and that she relied on her uncle as to the ownership and distribution of the property mentioned in the will, were insufficient. Both of these cases involved an agreement by the devisees not to probate the original wills made in 1944.

The court in *Brown v. Byrd*, 512 S.W.2d 753, reached the same result as in the other *Brown v. Byrd* case, finding the excuse insufficient. The court in this case placed considerable emphasis on the long lapse of time after knowledge of the contents of the will and stated that where the proponent was informed of the will's existence within 17 days after the expiration of the 4-year period after testator's death, the failure to apply for probate of the will for 29 years thereafter was not excused by appellant's reliance on a family agreement regarding disposition of testator's estate; and that ignorance of the law did not excuse the long delay.

The court, in discussing Section 73(a) of the Texas Probate Code, stated that the term "default" within the purview of such statute means a failure due to absence of reasonable diligence on the part of the party offering the instrument.

We are not inclined to hold, as requested by appellant, that the question of default is a question of law rather than a question of fact.

■  The question of whether a proponent of a will is in default in not presenting the will for probate within four years of the testator's death is ordinarily a fact question for the trial court. *Winkler v. Craven*, 250 S.W.2d 300 (Tex.Civ.App.—Waco 1952, writ ref'd); *Owen v. Felty*, 227 S.W.2d 379 (Tex. Civ.App.—Eastland 1950, writ ref'd); *Hodge v. Taylor*, 87 S.W.2d 533 (Tex.Civ. App.—Fort Worth 1935, writ dism'd); *Armstrong v. Carter*, 291 S.W. 626 (Tex.Civ. App.—Waco 1927, no writ); *Eubanks v. Jackson*, 280 S.W. 243 (Tex.Civ.App.—Waco 1925, writ ref'd).

In *Armstrong v. Carter*, supra, the court said:

Under Article 3326 of the Revised Statutes of 1925, it is provided that a will may be probated after four years, if it is shown that the party applying for such probate was not in default in offering same for probate before the four years had elapsed. Clearly, the intention of the Legislature was to lodge with the trial court or jury the power to determine as a question of fact, where there is any evidence raising the issue, whether there was a default. The tendency of our courts has been from its earliest decisions to permit wills to be filed after the four-year period, where there is any evidence of a probative force which would excuse the failure to offer the will sooner. *Long v. Todd* (Tex.Civ.App.) 252 S.W. 327; *Michaelis v. Nance* (Tex.Civ.App.) 184 S.W. 785 (writ refused); *House v. House* (Tex. Civ.App.) 222 S.W. 322; *Ochoa v. Miller*, 59 Tex. 460; *Ryan v. T. & P. Ry. Co.*, 64 Tex. 239.

The inventory and appraisement filed in the estate shows a gross estate of slightly over $4,000, consisting entirely of community property, principally a mobile home and two cars. Although not known to appellee at such time, the decedent was also heir to a royalty interest. Appellant testified that she was married to Mr. Woodward in 1948; that her husband had not worked steadily

for approximately nine years before his death; that she had been employed as a companion nurse for approximately six years prior to her husband's death, but that the lady she had worked for had died about two weeks before her husband's death; that she had not worked steadily thereafter; that although she drew some social security, her financial condition was poor; that she had no bank account and that under the circumstances, due to the nature of the property of which she was aware and her limited resources, she didn't think it necessary to probate the will; that she first became aware of the royalty interest when she was called by an oil company advising her to probate the will; that, thereafter, she immediately went to an attorney and the will was offered for probate. There was a lapse of approximately five years after her husband's death before the will was offered for probate.

Under the record and circumstances above outlined, there is sufficient evidence to support the trial court's holding that appellee was not in default for failing to present the will for probate within four years after the death of her husband. The trial court's judgment admitting the will to probate as a muniment of title is not in error.

The judgment is affirmed.