Edwin H. **CHOVANEC,** Appellant,

v.

Michael Wayne **CHOVANEC,** Appellee.

No. 01–94–00036–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 14, 1994.

Rehearing Denied July 14, 1994.

Richard N. Countiss, Houston, for appellant.

Travis C. Crowder, Houston, for appellee.

Before WILSON, DUGGAN and MIRABAL, JJ.

## OPINION

WILSON, Justice.

Appellant, Edwin Chovanec, challenges the trial court's summary judgment in favor of appellee, Michael Wayne Chovanec. Appellant offered his deceased wife's will for probate as a muniment of title to land in Fayette County. Appellee, the son of appellant and decedent, challenged the probate of his mother's will. The trial court granted summary judgment in favor of appellee based on the expiration of a four-year statute of limitations. Appellant argues in one point of error that the summary judgment should not have been granted because there was a fact issue concerning whether the statute of limitations had expired. We reverse.

Our review of the judgment is limited to the issues presented to the trial court in the motion for summary judgment. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex.1979); *Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). The movant has the burden of showing there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Evidence favoring the nonmovant will be taken as true, and every reasonable inference in favor of the nonmovant will be resolved in its favor. *Id.* at 548–49; *Clark v. Pruett*, 820 S.W.2d 903, 905 (Tex.App.—Houston [1st Dist.] 1991, no writ). We summarize the facts of this case in this light.

Judy Chovanec died August 10, 1979, leaving a will devising all her property to her husband, appellant. Appellee and his sister were the secondary beneficiaries under the will. The will was not offered for probate within four years of decedent's death.

Appellant believed he was the sole owner of property located in Fayette County. In his deposition testimony, he stated he believed this was his separate property, because his parents did not ever know his wife. Appellant's father's will was offered into evidence, and the will stated that appellant would not be provided for in the will, because he had been provided for during his lifetime, presumably by the gift of the property in Fayette County. Unknown to appellant, both his and his wife's name appeared on the title of this property. Appellant's wife's will also conveyed this property to him.

On July 23, 1980, appellant entered an oil and gas lease on this property, and this lease expired three years later. Appellant entered another three-year lease in 1985, and another in 1992. At no time was he informed by the lessees that title to the property was not solely in his name.

In October of 1992, appellant discussed the sale of the property in Fayette County with a real estate agent. The agent questioned appellant about the title to the property, and asked if appellant's wife left a will. In November 1992, appellant offered the will for probate as a muniment of title to the property. Appellee opposes probating the will as a muniment of title, and filed this opposition with the court on December 30, 1992.

■ A motion for summary judgment was filed by appellee, relying solely on the expiration of the statute of limitations. The Probate Code states:

No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admit-

ted to probate after the lapse of four years from the death of the testator.

Tex.Prob.Code Ann. § 73(a) (Vernon 1980). We first address whether appellee conclusively proved that appellant was in default, and thus is not permitted to offer the will.

Appellee presented the deposition evidence of appellant stating that the reason he did not offer the will for probate was that he "didn't know [he] had to probate the Will [sic]." Appellee argues this is conclusive evidence he was in default. Appellant responds to the motion by stating there is a fact issue as to default because his deposition testimony also included statements that he did not believe probate was necessary because he inherited everything from his wife, and he believed the land was his separate property. He offered the will for probate when a real estate agent gave him a contract for the property and asked to see his wife's will.

 Whether the proponent of a will is in default is normally a fact issue. *Kamoos v. Woodward*, 570 S.W.2d 6, 8 (Tex.Civ. App.—San Antonio 1978, writ ref'd n.r.e.). Default under this section means "a failure due to absence of reasonable diligence on the part of the party offering the instrument." *Kamoos*, 570 S.W.2d at 8; *Brown v. Byrd*, 512 S.W.2d 753, 755 (Tex.Civ.App.—Tyler 1974, no writ). The case law in Texas is quite liberal in permitting a will to be offered as a muniment of title after the statute of limitations has expired upon the showing of an excuse by the proponent of the reason for the failure to offer the will. *See generally* L.S. Groff, Annotation, *What circumstances excuse failure to submit will for probate within time set by statute*, 17 A.L.R.3d 1361, 1366–69 (1968 & Supp.1993). These excuses are generally accepted when the will is used to establish a link in the chain of title. *See Kamoos*, 570 S.W.2d at 7. However, an agreement among the parties will be insufficient to show the proponent was not in default. *Brown*, 512 S.W.2d at 757.

In the *Kamoos* case, the court affirmed the judgment of the trial court which found the defendant not in default for failing to offer the will for probate. 570 S.W.2d at 8–9. The testator's wife in *Kamoos* had limited financial resources and did not believe that it was necessary to offer the will for probate due to the nature of the property and her resources. *Id.* Five years had elapsed since the death of the testator. *Id.* at 9. However, when she became aware that the decedent was heir to a royalty interest, she offered the will for probate. *Id.* The court found this evidence sufficient to support the trial court's finding that the proponent of the will was not in default, and the court properly probated the will as a muniment of title. *Id.*

Similarly, appellant offered summary judgment evidence that he did not offer the will for probate due to the nature of the assets covered by the will. Appellant offered the will 13 years later, when a contract for sale was offered on the property, and a real estate agent alerted appellant that the will should be offered for probate. This evidence raises a fact issue concerning default, and summary judgment was not properly granted.

Appellee argues that ignorance of the law is sufficient to show default, relying on *Brown*, 512 S.W.2d at 757.[1] In *Brown*, not only did the proponent of the will claim she did not understand what "probate" meant, but all of the beneficiaries under the will had agreed not to offer the will for probate. *Id.* The court held that these facts together showed default. *Id.*

In this case, the summary judgment evidence shows that appellant was not aware that it was necessary to probate the will, but also that he did not believe probate was necessary because he inherited everything from his wife and he believed the land was his separate property. Appellant also was unaware of any title problems during a period when three successive mineral leases had been executed on the land. When appellant realized there may be title problems, he immediately offered the will for probate. This evidence shows more than simply appellant's

1. Appellee suggests that a mistake of law rather than a mistake of fact would conclusively evidence default. We are not certain such a distinc- tion remains viable. *See, e.g., Bank One, Texas v. Moody*, 830 S.W.2d 81, 83–84 (Tex.1992).

ignorance of the law; this evidence raises a fact issue about appellant's default.

Appellee also argues this case is analogous to *Faris v. Faris,* 138 S.W.2d 830 (Tex.Civ. App.—Dallas 1940, writ ref'd). In *Faris,* the will was not offered for probate by the testator's beneficiary, his widow, for 19 years after the testator's death. 138 S.W.2d at 831. The will was not discovered until the widow died. *Id.* The court did not permit the will to be probated, stating that the widow abandoned her rights under the will by failing to offer the will for probate. *Id.* at 832. The widow's death precluded the offer of any evidence to the contrary, that she was not in default. In this case, appellant offered facts that created a fact issue, and summary judgment was not proper.

Finding that a fact issue as to default existed, we sustain appellant's first point of error, reverse the judgment of the trial court, and remand the case.