

IN THE
TENHT COURT OF APPEALS

No. 10-09-00212-CV

IN THE ESTATE OF
ELIZABETH ANN FRYAR HAYES, DECEASED

From the County Court
McLennan County, Texas
Trial Court No. 20090182 PR1

MEMORANDUM OPINION

Gerald Alan Hayes appeals from an order granting probate of a will as a muniment of title that was filed more than four years after the death of his mother, the testator. *See* TEX. PROB. CODE ANN. § 73(a) (Vernon 2003). Hayes filed a timely answer to the application for probate of a will as a muniment of title and a contest to the will. The trial court granted the application and admitted the will for probate as a muniment of title approximately twelve days after Hayes's answer was filed with the trial court. Hayes complains that the evidence was factually and legally insufficient to sustain the trial court's finding that there was no default for failing to probate the will within four years of his mother's death, that the trial court violated his due process rights so that he could be heard on his complaints, and that the trial court lacked jurisdiction over his

sister, a non-resident of Texas, even though she executed an affidavit waiving any objections to the admission of the will to probate, waiving service and notice, and entering an appearance. Because we find that the trial court erred by failing to ensure that a record was made of the proceedings and that this error was harmful to Hayes, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings.

### *Record of Proceedings*

Hayes complains under the issue regarding violations of due process that the trial court erred by not ensuring that a court reporter recorded the hearing after which the will was admitted to probate as a muniment of title. Section 52.046(d) of the Government Code requires that a trial court shall appoint a court reporter to record oral testimony given in any contested probate proceeding. TEX. GOV'T. CODE ANN. § 52.046(d) (Vernon 2005). Contested probate matters include all matters in a probate proceeding where the pleadings on file demonstrate that the parties to the suit have adopted adversarial positions. *Jackson v. Thompson*, 610 S.W.2d 519, 522 (Tex. Civ. App—Houston [1st Dist] 1980, no writ). The primary contested issue in this matter was whether or not the applicant was in default for not offering the will for probate in the four-year period after the testator's death as required by section 73 of the Probate Code. While Hayes did not appear in person or by attorney at the hearing, he had filed a timely answer adopting an adversarial position to that of the applicant. Therefore, the trial court had a duty to ensure compliance with the provisions of section 52.046.

Hayes further contends that the lack of a reporter's record is harmful in that it prevents him from presenting his arguments to this Court. *See* TEX. R. APP. P. 44.1(a)(2). The written testimony required by section 87 was included in the record. *See* TEX. PROB. CODE ANN. §§ 87, 89B (Vernon 2003). The written testimony's sole reference to the issue of default is: "since I was not in default in failing to present the will for probate within such four year period…." Based on the written testimony, an order was signed by the trial court on May 27, 2009 that recited almost the exact same language regarding default and admitted the will to probate as a muniment of title.

It is undisputed that the applicant filed the application to probate the will as a muniment of title more than four years after the death of the applicant. At that time, it became the applicant's burden to prove that he "was not in default in failing to present the same for probate within the four years aforesaid…." TEX. PROB. CODE ANN. § 73(a) (Vernon 2003); *see Brown v. Byrd*, 512 S.W.2d 758, 760 (Tex. Civ. App.—Tyler 1974, no writ).[1]

The question of "[w]hether the proponent of a will is in default is normally a fact issue." *Chovanec v. Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, no writ). "Default under [section 73 of the Probate Code] means 'a failure due to absence of reasonable diligence on the part of the party offering the instrument.'"

---

[1] The Appellee's brief references reasons for the applicant not being in default and attempts to have this Court consider the reasons set out in the affidavits attached to the application to probate the will. The affidavits, however, were not properly introduced into evidence nor were they before the trial court as evidence in a contested hearing. Accordingly we cannot consider the contents of these affidavits on appeal.

*Id.* (*quoting Kamoos v. Woodward*, 570 S.W.2d 6, 8 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.)).

Hayes complains that the evidence was both legally and factually insufficient for the trial court to have determined that the applicant was not in default as required. Based on the error of the trial court in not assuring that a record was made of the proceedings, we find that Hayes was probably prevented from presenting his case to this Court. We sustain issue three. Because of our holding as to this issue, we do not address Hayes's other issues.[2]

*Conclusion*

The trial court erred by not ensuring that a court reporter recorded the proceedings in this matter. This error prevented Hayes from properly presenting his appeal to this Court. We reverse the judgment of the trial court and remand this cause for further proceedings in accordance with this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Reversed and remanded
Opinion delivered and filed May 26, 2010
[CV06]

---

[2] The most fundamental problem with the hearing was the lack of notice to Hayes. The record is silent regarding any notice to Hayes of the hearing. Upon remand, notice must be timely provided to Hayes of a hearing in this matter and, even though he is incarcerated, Hayes should have "process for witnesses and evidence, and to be heard upon such opposition, as in other suits." *See* TEX. PROB. CODE ANN. §10 (Vernon 2003). Whether the trial court permits Hayes to appear in person is, nevertheless, subject to the trial court's discretion. *See In the Interest of Z. L. T.*, 124 S.W.3d 163, 166 (Tex. 2003).