

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00070-CV
_____

IN THE ESTATE OF JOHN R. OZEE, DECEASED

On Appeal from the First Judicial District Court
San Augustine County, Texas
Trial Court No. CV-11-9292

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On July 25, 2011—more than seven years after the death of her husband, John R. Ozee—Juanita Ozee offered John's will for probate as a muniment of title in San Augustine County.[1] John's son by a previous marriage, John Ozee, II (John II), contested the probate on the basis that it contravened Texas' four-year probate deadline. On this, John II's appeal[2] from the admission of the will into probate, we affirm the trial court's ruling, because sufficient evidence supports the will's probate.

One offering a will to probate in Texas must do so within four years of the decedent's death, or risk defaulting on the ability to probate the will. TEX. PROB. CODE ANN. § 73(a) (West 2003). The trial court found that, although Juanita consulted an attorney after John's death, Juanita believed probate was not necessary and, thus, was not in default when she failed to offer the will to probate within the four-year period.

John and Juanita were married in 1967. Each party had children predating this marriage. Each spouse had a will: John's will bequeathed all his property to Juanita, unless she predeceased him or they died simultaneously. In such an event, John's will instructed that his

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]In two points of error, John II claims that the trial court erred in not finding an absence of reasonable diligence on Juanita's part and that the trial court erred in finding Juanita met her burden of proof to show she was not in default by missing the deadline. Because "default" is taken to mean an absence of reasonable diligence, we find these points argue the same thing, and we will treat this brief as presenting a single point.

property be divided among four parties.[3]  John died February 21, 2004, but Juanita did not offer his will for probate until more than seven years later.  Her application to admit the will to probate requested only that the will be probated as a muniment of title.

John II cites Section 73 of the Texas Probate Code.  That statute provides:

No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator.

*Id.*  "Default," as used in this statute, has been taken to mean "a failure due to the absence of reasonable diligence on the part of the party offering the instrument." *In re Estate of Rothrock*, 312 S.W.3d 271, 274 (Tex. App.—Tyler 2010, no pet.), (quoting *Brown v. Byrd*, 512 S.W.2d 753, 755 (Tex. Civ. App.—Tyler 1974, no writ)).  It is the burden of the proponent of the will to show he or she was not in default where the will was not presented for probate within the proper time.  *Brown v. Byrd*, 512 S.W.2d 758, 760 (Tex. Civ. App.—Tyler 1974, no writ).[4]

Juanita testified via video recorded deposition, which was admitted in the current trial. She said that, after John's death, she went to an attorney, Donavan Dudinsky, to have a new will prepared for her.  She showed Dudinsky John's will and told him, "Make it sort of like this." Juanita said that Dudinsky looked at John's will, commented that John "left everything to" Juanita, and gave her back the will.  She paid Dudinsky $180.00 for the new will he prepared for

---

[3]From the testimony, these parties appear to be John II, Juanita's two daughters, and one other person, apparently a minor at the time the will was executed.

[4]There are indeed two cases styled *Brown v. Byrd* in Volume 512 of the South Western Reporter; the cases address two different decedents' estates.

her. According to Juanita, she left Dudinsky's office believing she "owned everything" and did not need to do anything such as probate the will.

John II called Dudinsky to testify. Dudinsky said he had a general practice and recalled meeting Juanita in February 2004. He said he explained the "perimeters" of probate procedure to her, including the court in which the matter would be filed and the "statutory period of four years," then discussed his retainer. He said Juanita did not seem to want to pay the retainer and left his office. The pertinent points of Juanita's deposition—where she claimed that she left Dudinsky's office with the distinct understanding that she "wasn't supposed to do anything" and "owned everything"—were read to Dudinsky at trial. Dudinsky said Juanita's description of their meeting was "not factually accurate" and that he did not do anything to indicate to her she did not need to probate the will. Dudinsky also testified he had never probated a will as a muniment of title. He further denied ever preparing a will for Juanita or collecting a fee.

Whether the proponent of a will is in default is normally a question of fact. *Chovanec v. Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Kamoos v. Woodward*, 570 S.W.2d 6, 7–8 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.). Texas caselaw leans heavily in favor of allowing a will to be offered as a muniment of title where the proponent offers a reasonable excuse for failing to probate the will during the statutory period. *Chovanec*, 881 S.W.2d at 137.

> Under [former version of applicable statute], it is provided that a will may be probated after four years, if it is shown that the party applying for such probate was not in default in offering same for probate before the four years had elapsed. Clearly, the intention of the Legislature was to lodge with the trial court or jury the power to determine as a question of fact, where there is any evidence raising

4

> the issue, whether there was a default. The tendency of our courts has been from its earliest decisions to permit wills to be filed after the four-year period, where there is any evidence of a probative force which would excuse the failure to offer the will sooner.

*Armstrong v. Carter*, 291 S.W. 626, 627 (Tex. Civ. App. 1927, no writ), *cited with approval in In re Estate of Campbell*, 343 S.W.3d 899, 903 (Tex. App.—Amarillo 2011, no pet.). The proponent's belief that probate was unnecessary has been found sufficient. *Id*.; *Kamoos*, 570 S.W.2d at 9. The applicant for probate must be judged by his or her own conduct and circumstances in evaluating whether his or her burden has been met regarding a finding of whether he or she was in default in failing to seek probate within the required time. *St. Mary's Orphan Asylum v. Masterson*, 122 S.W. 587, 591 (Tex. Civ. App.—San Antonio 1909, writ ref'd).

We find that the evidence was legally sufficient[5] to support the trial court's finding. Indulging every reasonable inference in support of the trial court's finding and considering the evidence in the light most favorable to that finding, we find the evidence legally sufficient. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). The trial court, as fact-finder, was the sole determiner of the credibility of the witnesses, and we are not to invade the fact-finder's domain. *Id*. Juanita testified she did not believe any probate proceedings were necessary. She testified that Dudinsky told her John had left all property to her. Dudinsky testified that he had told her about the four year requirement and that she "needed to probate [the] will." However, Dudinsky did not say he discussed the effect of the will as a muniment of title or the importance

---

[5]It is not clear if John II is claiming the evidence was legally or factually insufficient: he just argues that the trial court erred in finding Juanita carried her burden of showing she was not in default. We will address both legal and factual sufficiency.

of the will regarding the chain of title for the Ozee's real estate. In fact, Dudinsky said he had "never handled" probate of a will as a muniment of title. There was more than a scintilla of evidence to support the trial court's finding, and thus we will not disturb that court's decision. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006).

In reviewing a factual sufficiency challenge, we consider and weigh all the evidence in support of and contrary to the finding, and will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). We leave determination of witness credibility to the trial court. *See Bright v. Addison*, 171 S.W.3d 588, 595 (Tex. App.—Dallas 2005, pet. dism'd).

As summarized above, Juanita said she met with an attorney following John's death and was left with the understanding she had inherited all his property and no further actions on her part were necessary. The evidence contradicting this was, of course, Dudinsky's testimony that he told Juanita about a four-year period for probate and his claim that he advised the widow to probate the will. We cannot say the evidence before the trial court's finding was so overwhelmingly against the weight of the evidence as to be clearly wrong and unjust.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     November 16, 2012
Date Decided:       November 26, 2012


6