# NO. 12-15-00246-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE ESTATE* | § | *APPEAL FROM THE* |
| *OF WILLIE SUE HAMMACK,* | § | *COUNTY COURT AT LAW* |
| *DECEASED* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Larry Gene Marsh, Billie Marie Buckley, Deborah Sue Stuart, and Terry Lyn Marsh appeal the trial court's order admitting to probate the will of Willie Sue Hammack as a muniment of title eight years after her death. Appellants contend the evidence is legally and factually insufficient to support the trial court's finding that Morrison Hammack, Jr. was not in default in failing to present the will for probate within four years of the death of the decedent. We affirm.

### BACKGROUND

Willie Sue Hammack died on July 2, 2006, in Nacogdoches County. Morrison Hammack, Jr. was the husband of Willie Sue Hammack at the time of her death. Willie Sue Hammack left a will naming Morrison Hammack, Jr. as independent executor. Generally, in her will she gave her separate property to her children of a prior marriage. The residue of her estate she gave to her husband.

Morrison Hammack, Jr. knew of the will and its contents. After his wife's death, he consulted with no one regarding her will. He did not know it was necessary that he offer the will for probate. He testified that at her death, he did not have the money to probate the will.

Two years before her death, Willie Sue Hammack suffered a serious stroke. She required nursing home care the last two years of her life. After making her will in 2006, she transferred her separate property mentioned in the will to her four children of her prior marriage. Therefore, all the property in her estate was community property. Her estate consisted of her community

one-half interest in a three bedroom, two bath, brick veneer residence, a 1998 Honda Civic, and a pickup truck.

Morrison Hammack, Jr. first became aware of the necessity of probating his wife's will in May 2014 when he attempted to sell the house. He retained counsel and filed an application for probate of her will as a muniment of title on July 17, 2014. Appellants contested the application. They alleged that more than four years had passed since their mother's death and no good cause existed for Morrison Hammack, Jr.'s failure to file his application to probate her will within four years after her death.

Terry Lyn Marsh, one of Willie Sue Hammack's children of her prior marriage and one of the contestants, testified that, before her stroke, Willie Sue had $36,000.00 in a separate brokerage account. He thought that Morrison Hammack, Jr. had an account worth somewhere "in the 20s" at that time. There was no evidence of money in brokerage or bank accounts at the time Willie Sue Hammack died. After hearing all of the evidence, the trial court admitted the will to probate as a muniment of title.

## SUFFICIENCY OF THE EVIDENCE

In three issues, Appellants challenge the legal and factual sufficiency of the evidence to support the trial court's finding that Morrison Hammack, Jr. was not in default for failing to present the will for probate within four years after their mother's death. They argue that Morrison Hammack, Jr. has shown no reasonable excuse that would serve to avoid default. They maintain that ignorance of the statute's requirements, standing alone, is no excuse. And they dismiss Morrison Hammack, Jr.'s allegation of insufficient resources to afford probate as unsupported by the evidence.

### Standard of Review

A trial court's findings of fact, express or implied, are reviewable for legal and factual sufficiency by the same standards applied in reviewing the sufficiency of the evidence supporting a jury's finding. *See Hitzelberger v. Samedan Oil Corp*., 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, pet. denied). The trial court's conclusions of law, express or implied, are reviewed de novo. *See Benedictine Sisters of the Good Shepherd v. Ellison*, 956 S.W.2d 629, 631 (Tex. App.—San Antonio 1997, pet. denied).

2

An appellate court conducting a legal sufficiency review considers the evidence in the light most favorable to the verdict, indulging every inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). A party attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which it did not have the burden of proof at trial must show that no evidence supports the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). The appellate court must credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *City of Keller*, 168 S.W.3d at 807. A "no evidence" challenge must be sustained when (1) the record discloses a complete absence of a vital fact, (2) the court is barred by the rules of law and evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id*. at 810.

An appellate court reviews the factual sufficiency of the evidence supporting a finding by considering and weighing all the evidence in a neutral light. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The reviewing court will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*. However, the reviewing court is not a fact finder, and it may not pass on the credibility of the witnesses or substitute its judgment for that of the trier of fact, even if a different answer could be reached on the evidence. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).

## Applicable Law

Section 256.003 of the Texas Estates Code provides in pertinent part that "a will may not be admitted to probate after the fourth anniversary of the testator's death unless it is shown by proof that the applicant for the probate of the will was not in default in failing to present the will for probate on or before the fourth anniversary of the testator's death." TEX. EST. CODE ANN. § 256.003(a) (West Supp. 2015). As used in this statute, "default" means "failure to probate a will due to the absence of reasonable diligence on the part of the party offering the instrument." *See Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.—Dallas 2003, pet. denied) (construing predecessor to section 256.003). "A person having custody of a will is charged with knowledge that it must be filed for probate within the statutory period in order to rely on it, whether the necessity for doing so is apparent to him or not." *In re Estate of Rothrock*, 312 S.W.3d 271, 274 (Tex. App.—Tyler 2010, no pet.) (citing *St. Mary's Orphan Asylum of Tex. v.*

3

*Masterson*, 57 Tex. Civ. App. 646, 654, 122 S.W. 587, 591 (Tex. Civ. App.—San Antonio 1909, writ ref'd)).  The burden is on the proponent to show that he was not in default in failing to present a will for probate within the proper time.  *Rothrock*, 312 S.W.3d at 274.  Whether the party applying for probate is in default is ordinarily a question of fact for the trial court.  *Kamoos v. Woodward*, 570 S.W.2d 6, 8 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.).

The language of the predecessor to Section 253.006(a)–former Texas Probate Code section 73(a)–was added to the Revised Civil Statutes in 1879 and has been but slightly changed.  *See In re Estate of Campbell*, 343 S.W.3d 899, 902 (Tex. App.—Amarillo 2011, no pet.).  The repeal of the Texas Probate Code and its recodification in the Texas Estates Code resulted in no substantive change.  *See* TEX. EST. CODE ANN. § 21.001 (West 2014).  The compelling reasons underlying the statute are discussed in *Estate of Rothrock*, 312 S.W.3d at 274.  Mere ignorance of the law cannot excuse failure to comply with the statute.  *See Brown v. Byrd*, 512 S.W.2d 753, 757 (Tex. Civ. App.—Tyler 1974, no writ).  To hold otherwise would render the section a nullity and frustrate the practical purposes it serves.  *See id*.  Mere personal considerations or the assumption that one's title to property is safe without probate does not excuse a failure to present a will within the statutory period.  *Rothrock*, 312 S.W.3d at 274.

Nevertheless, Texas courts have been quite liberal in admitting a will to probate as a muniment of title after the four year limitation period has expired.  *In re Estate of Allen*, 407 S.W.3d 335, 339 (Tex. App.—Eastland 2013, no pet.).  Ninety years ago, the Waco court observed "[t]he tendency of our courts has been from its earliest decisions to permit wills to be filed after the four year period, where there is any evidence of a probative force which would excuse the failure to offer the will sooner."  *Armstrong v. Carter*, 291 S.W. 626, 627 (Tex. Civ. App.—Waco 1927, no writ).

Ignorance of the law is no excuse, but the proponent's belief that probate is unnecessary, coupled with a concern over the possible cost of probate, can constitute legally and factually sufficient evidence to support admitting a will to probate more than four years after the death of the testator.  *Kamoos*, 570 S.W.2d at 8-9.

In *Chovanec v. Chovanec*, 881 S.W.2d 135 (Tex. App.—Houston [1st Dist.] 1994, no writ), the applicant was not aware that it was necessary to probate the will of his deceased wife because he believed he had inherited everything from her and that the land in question was his separate property.  *Id*. at 138.  Thirteen years later when he discovered there might be title

4

problems, he immediately offered the will for probate. *Id*. The appellate court found this evidence sufficient to raise a fact issue regarding the applicant's default and reversed a summary judgment denying probate. *Id*. at 138.

**Discussion**

The decedent's estate was her community interest in the family home, a 1998 Honda Civic, and a pickup truck, all estimated to be worth $125,000.00. Appellants argue that this demonstrates the estate possessed sufficient assets to pay for the will's probate. Moreover, they ask how Morrison could have known he did not have enough money to probate the will if he never consulted anyone on the subject.

At the time of the hearing, Morrison Hammack, Jr. suffered severe chronic health problems and had moved from the family home to an apartment in town. Poor health prevented his attendance at the probate hearing. The month before he found he needed to probate his wife's will, his daughter sold his Honda Civic. The pickup had been sold to pay the cost of removing a tree from the yard of his home.

Morrison Hammack, Jr. argues that he lacked liquid assets that would have covered the cost of probate. He insists it is unreasonable to expect him to liquidate his interest in the community home and vehicles to probate a will that he did not know needed to be probated.

In two cases cited by Appellants, *Estate of Rothrock* and *Brown v. Byrd*, the wills were not probated (for fourteen and nineteen years, respectively) pursuant to a family agreement. *Estate of Rothrock*, 312 S.W.3d at 275; *Brown*, 512 S.W.2d at 757. Family agreements have been held an insufficient excuse for not applying for probate within the time prescribed by the statute at least since 1914. *Armendariz De Acosta v. Cadena*, 165 S.W. 555, 557 (Tex. Civ. App.–El Paso 1914, writ ref'd). In *In re Estate of Cornes*, 175 S.W.3d 491 (Tex. App.– Beaumont 2005, no pet.), the proponent, with the agreement of the testator's children, consciously decided not to probate the will "out of respect" for their stepfather who was specifically disinherited in his wife's will, which he might have contested. *Id*. at 495. Citing *Brown v. Byrd* and *Armendariz De Acosta*, the court found this be another variant of a family agreement and an insufficient excuse to avoid default. *Id*. at 496. The court reversed the lower court's judgment admitting the will to probate. *Id*. at 500.

In three other cases cited by Appellants, the proponents offered no excuse for failure to apply for probate of the wills in question within four years of the testator's death or the discovery

of the will.  *See **Orr v. Walker***, 438 S.W.3d 766, 769 (Tex. App.–Houston [1st Dist.] 2014, no pet.); ***Schindler***, 119 S.W.3d at 930; ***In re Estate of Williams***, 111 S.W.3d 259, 264 (Tex. App.—Texarkana 2003, pet. denied).

The case at hand is closely analogous to ***Kamoos*** in which the proponent's belief that probate was unnecessary, together with her concern over the cost of the probate because of her limited resources, was held a reasonable and sufficient proof to show she was "not in default." *See **Kamoos***, 570 S.W.2d at 8-9.  Similarly in ***Chovanec***, the applicant mistakenly believed all the property was his separate property and that the probate of his wife's will was unnecessary. ***Chovanec***, 881 S.W.2d at 138. The appeals court found this to be sufficient proof to create a fact issue regarding default, and reversed a summary judgment denying probate of the will.  *Id*.

The evidence in the instant case created a fact issue regarding default.  The resolution of that issue was for the trial court.  We conclude the trial court did not err in finding Morrison Hammack, Jr. was not in default and in admitting the will to probate.  Appellants' three issues are overruled.

**DISPOSITION**

Having overruled Appellants' three issues, we ***affirm*** the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered April 13, 2016.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 13, 2016

NO. 12-15-00246-CV

**IN THE MATTER OF THE ESTATE OF**
**WILLIE SUE HAMMACK, DECEASED**

Appeal from the County Court at Law
of Nacogdoches County, Texas (Tr.Ct.No. PB 14-12226)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **BILLY MARIE BUCKLEY, TERRY LYN MARSH LARRY GENE MARSH, and DEBORAH SUE STUART**, for which execution may issue and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*