NO









NO. 12-09-00210-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     APPEAL
FROM THE 

IN THE ESTATE OF EVERETT H.

ROTHROCK,
DECEASED                               '     COUNTY COURT AT LAW OF

 

                                                                             '     CHEROKEE
COUNTY, TEXAS

 





                                                                     OPINION

            Jerry
E. Rothrock appeals the trial court’s order denying his application to probate
his father’s will as a muniment of title.  In one issue, Jerry contends the
trial court erred in determining that he was in default for failing to probate his
father’s will within the statutory period.  We affirm.

 

Background 

            In
1986, Everett H. Rothrock, Jerry’s father, signed a will appointing Jerry as
the independent executor of the will and naming him as the sole beneficiary of
the estate. Everett died on June 5, 1994.            In September 2008, Jerry
was notified by an oil and gas landman that Everett owned mineral interests in
Cherokee County, Texas.  On October 6, 2008, Jerry filed an application to
probate Everett’s will as a muniment of title.  Jerry’s five siblings opposed
the application.  

At
a hearing on the application, Jerry testified that he and his five siblings
agreed they did not want to probate Everett’s will.  He stated that he
requested two cameras, which were the only property he wanted from Everett’s estate.
 None of his siblings objected.  Jerry testified that, in gathering Everett’s
assets between 1985 and 1986, he investigated whether Everett owned any land.
According to Jerry, Everett told him that he had sold all of the real property
he had received from his parents and that he did not have any real property
left.  Jerry stated that Everett never talked about any mineral interests.
Jerry’s grandmother told him that she had given all her real property to her
sons, Everett and his brother, and that “she was convinced” her sons had lost
all their real property. After Everett died, Everett’s brother told Jerry that he
and Everett had received a substantial amount of real property from their
parents and that both of them had sold it or “gotten rid of it in some way.”

Jerry
also testified that he “was a very successful lawyer in Washington, D.C.” and
that about half of his practice dealt with oil and gas law.  He testified that
he was not licensed to practice law in Texas.  On cross examination, Jerry
admitted that, at the time of his father’s death, he knew there could be
separate ownership of the surface and mineral estates in Texas.  At the
conclusion of the hearing, the trial court denied Jerry’s application to
probate Everett’s will as a muniment of title, stating that by filing the
application thirteen years after Everett’s death, he was in default under
section 73 of the Texas Probate Code.  Jerry timely filed this appeal.  

 

Default under Section 73 of the Texas Probate
Code 

            In
his sole issue, Jerry argues that the trial court erred in determining that he
was in default under section 73 of the Texas Probate Code by not filing his
application to probate Everett’s will as a muniment of title within four years
of Everett’s death. 

Standard
of Review

            Whether
the proponent of a will is in default in not presenting the will within four
years of the testator’s death is ordinarily a fact question for the trial
court.  Schindler v. Schindler, 119 S.W.3d 923, 929 (Tex.
App.–Dallas 2003, pet. denied).  When findings of fact are neither filed nor
requested following a bench trial, it is implied that the trial court made all
findings necessary to support its judgment, provided that (1) the necessary
findings are raised by the pleadings and supported by the evidence, and (2) the
decision can be sustained by any reasonable theory consistent with the evidence
and applicable law.  Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.,
156 S.W.3d 630, 636 (Tex. App.–Tyler 2004, no pet.).  The trial court’s
findings of fact, express or implied, after a bench trial are reviewable for
legal and factual sufficiency by the same standards applied in reviewing the
evidence supporting a jury’s answer.  Id.  

            When
the party who had the burden of proof on an issue complains about the trial
court’s refusal to find a fact in a “contrary to the great weight and
preponderance of the evidence” issue, i.e., asserts that the court’s refusal to
find the fact is contrary to the evidence, we must overrule the complaint
unless, considering all the evidence, the refusal is contrary to the great
weight and preponderance of the evidence.  Id. at 637.  Where
enough evidence is before the trial court so that reasonable minds could differ
on the meaning of the evidence, or the inferences and conclusions to be drawn
from the evidence, we may not substitute our judgment for that of the trial
court.  Canal Ins. Co. v. Hopkins, 238 S.W.3d 549,
558 (Tex. App.–Tyler 2007, pet. denied). 

Applicable
Law

Section
73(a) of the Texas Probate Code states as follows:

 

(a)    
No will shall be admitted to probate
after the lapse of four years from the death of the testator unless it be shown
by proof that the party applying for such probate was not in default in failing
to present the same for probate within the four years aforesaid; and in no case
shall letters testamentary be issued where a will is admitted to probate after
the lapse of four years from the death of the testator.

 

Tex. Prob. Code Ann. § 73(a) (Vernon
2003).  One purpose of the statute is to impose a reasonable limit on the time
in which the property of a person dying testate should be distributed among his
legatees, after payment of his debts.  Hodge v. Taylor, 87
S.W.2d 533, 535 (Tex. Civ. App.–Fort Worth 1935, writ dism’d).  The statute also
gives all persons interested in the testator’s estate an early opportunity to
contest the will by living witnesses.  Id.  Further, the policy
of the law is to enforce the timely probate of wills.  St. Mary’s Orphan
Asylum of Tex. v. Masterson, 57 Tex. Civ. App. 646, 654, 122
S.W. 587, 591 (Tex. Civ. App.–San Antonio 1909, writ ref’d).  A person having
custody of a will is charged with knowledge that it must be filed for probate
within the statutory period in order to rely on it, whether the necessity for
doing so is apparent to him or not.  See id., 57 Tex.
Civ. App. at 655, 122 S.W. at
591.  Unexpected events often happen and a person’s present
conclusions may be wrong.  Id.  By complying with the
requirements of the statute, a person is afforded a way, and the only way, to
foreclose all contingencies; choosing not to resort to it amounts to willful
neglect.  Id.  

            It
cannot be said that one who has custody of a will, and refrains for the
statutory period from presenting it for probate for mere personal
considerations or under the assumption that his title to property is safe
without it, is not in default under this statute. Id., 57 Tex.
Civ. App. at 654-55, 122 S.W.at 591.  Default means “a failure due to the absence
of reasonable diligence on the part of the party offering the instrument.”  Brown
v. Byrd, 512 S.W.2d 753, 755 (Tex. Civ. App.–Tyler 1974,
no writ).  The burden is upon the proponent of a will to show that he was not
in default by not presenting a will for probate within the proper time.  Brown
v. Byrd, 512 S.W.2d 758, 760 (Tex. Civ. App.–Tyler 1974,
no writ).  Family agreements to not to probate a will about which they had
knowledge are not sufficient to excuse noncompliance with the four year
limitation of the probate code.  See In re Estate of Cornes,
175 S.W.3d 491, 496 (Tex. App.-Beaumont 2005, no pet.). 

Analysis

            Section
73 of the Texas Probate Code allows the probate of a will as a muniment of
title after four years if it is shown that the proponent of the will was not in
default in failing to present it for probate within four years.  Because Jerry
filed the application to probate Everett’s will, he had the burden of showing
an excuse to justify his failure to timely probate the will.  See id.
at 495.  Jerry argues that he showed reasonable diligence.  Further, he
contends that he was not in default based upon a mistake of fact that Everett
did not own any mineral interests.  

The
evidence shows that Jerry and his siblings agreed not to probate Everett’s
will.  Jerry requested, and received, two cameras, the only property he wanted
from Everett’s estate.  A family agreement is not sufficient to excuse Jerry’s
noncompliance with the four year limitation.  See In re Estate of Cornes,
175 S.W.3d at 496.  In other words, Jerry cannot rely on the agreement with his
five siblings as an excuse for noncompliance with the statutory period and for
making what was, in hindsight, the wrong decision.  Id.  Jerry
testified that Everett stated he did not own any real property, that his
grandmother was “convinced” Everett lost all his real property, and that
Everett’s brother stated that both of them had sold or “gotten rid of” all
their real property.  Although these statements may have persuaded Jerry that
there was no reason to probate Everett’s will, it does not provide a legal
excuse for his failure to do so.  See Masterson, 57
Tex. Civ. App. at 654-55, 122 S.W. at 591.  Therefore, considering all the
evidence regarding Jerry’s informal investigation into whether Everett owned
property, we cannot say that the trial court’s refusal to find that
Jerry showed reasonable diligence was contrary to the great weight and
preponderance of the evidence.  Santa Fe Petroleum, L.L.C.,
156 S.W.3d  at 637; Brown, 512 S.W.2d at 755.

            Jerry
contends, however, that the facts in this case are “almost identical” to those
in Kamoos v. Woodward, 570 S.W.2d 6 (Tex. Civ.
App.–San Antonio 1978, writ ref’d n.r.e.).  In Kamoos, the trial
court determined that an impoverished widow was not in default even though she
waited five years to probate her deceased husband’s will. Kamoos,
570 S.W.2d at 8-9.  The widow did not know her deceased husband was heir to a
royalty interest, and her financial condition was poor.  Id.  She
had limited resources, and she had not worked steadily since her husband’s
death.  Id. at 9.  Because of her limited resources and the
nature of the property of which she was aware (principally a mobile home and
two cars, having a gross value of $4,000), she did not think it necessary to
probate the will.  Id. at 8-9.  Further, the widow immediately
offered the will for probate when she became aware of the royalty interest.  Id.
at 9.  The court of appeals concluded that there was sufficient
evidence to support the trial court’s holding that the widow was not in
default.  Id.  However, Kamoos is distinguishable
because Jerry did not lack financial resources to probate the will.

Moreover,
having been a successful attorney with an oil and gas practice, Jerry should
have known that unexpected events often happen in life.  See Masterson,
57 Tex. Civ. App. at 655, 122 S.W. at 591.  To foreclose any unexpected
contingencies, a will must be probated within the statutory period whether the
necessity for doing so is apparent or not.  Id.  Because Jerry
did not probate Everett’s will within four years after his death, relied upon a
family agreement, and failed to show reasonable diligence, the evidence is
factually sufficient to support the trial court’s finding that Jerry was in
default.  The trial court did not err in denying Jerry’s application to probate
Everett’s will as a muniment of title.  See Tex. Prob. Code Ann. § 73(a); Brown, 512 S.W.2d
at 760.  Accordingly, Jerry’s sole issue is overruled.

 

Disposition 

            Having
overruled Jerry’s sole issue, we affirm the judgment of the trial court.

 

 



                                                                                                 
   JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered May 5, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

(PUBLISH)