ACCEPTED
03-14-00035-CV
6999113
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/18/2015 3:47:53 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00035-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/18/2015 3:47:53 PM
JEFFREY D. KYLE
Clerk

## In the Court of Appeals
## For the Third Judicial District
## Sitting at Austin, Texas

---

### In the Estate of
### Evelyn Landua Koehler, Deceased

Appealed from the County Court at Law No. 1 of
Bell County, Texas

---

## Appellant's Brief
## Requesting Oral Argument

---

**Robert Little**
**State Bar No. 24050940**
little@namanhowell.com
**Kristen A. Mynar**
**State Bar No. 24074785**
kmynar@namanhowell.com

**Naman, Howell, Smith & Lee, PLLC**
**400 Austin Ave., Ste. 800**
**Waco, Texas 76701**
**254-755-4100**
**254-754-6331 (fax)**

**Attorneys for Appellant**

{03569406.DOCX / }

# No. 03-14-00035-CV

# In the Estate of Evelyn Landua Koehler, Deceased

**Certificate of Parties and Attorneys**

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Casey A. Koehler and Jennifer Phy, Appellants, supplies the following list of parties to the order appealed from, and the names and addresses of counsel:

**<u>Parties</u>**

Casey A. Koehler ......................................................... Contestant/Appellant

Jennifer Phy................................................................ Contestant/Appellant

Kanda Koehler. .......................................................... Applicant/Appellee

## **Attorneys**

Robert Little…………………………………  Trial Counsel and
Kristen Mynar  Appellate Counsel for
Jeffrey A. Armstrong  Contestants /Appellants
Naman, Howell, Smith & Lee, PLLC
400 Austin Ave., Ste. 800
Waco, Texas 76701


Eric Stoebner …………………………………  Trial Counsel for
Harrell & Stoebner, P.C.  Applicant/Appellee
2106 Bird Creek Dr.
Temple, Texas 76502

# No. 03-14-00035-CV

# In the Estate of Evelyn Landua Koehler, Deceased

Request for Oral Argument

Pursuant to Rule 39.1 of the Texas Rules of Appellate Procedure, Appellants respectfully request oral argument in this case. There is a lack of clarity from the Courts of Appeals regarding when the rule discussed in *Schindler v. Schindler*, 119, S.W.3d 923, 929 (Tex. App. – Dallas 2003, pet. for review denied), which states that if any heir or devisee is in default such default would bar his or her descendants or legatees from any right to have such will probated. For example that rule has been questioned in *Estate of Campbell*, 343 S.W.3d 899 (Tex. App. – Amarillo 2011, no pet.), and this Court should take the opportunity to clarify when and if the rule discussed in *Schindler* applies as laid out by the Dallas Court of Appeals in that case. The parties should have an opportunity to make oral arguments regarding this complex issue.

# Table of Contents

Certificate of Parties and Attorneys ....................................................................... i

Table of Contents........................................................................................................ iv

Index of Authorities.................................................................................................... v

Statement of the Case ................................................................................................. 1

Statement of the Issues ............................................................................................... 3

    Issue No. 1:    Appellee Kanda Koehler failed to act in a reasonably
diligent manner in admitting the handwritten Note to probate, and was
therefore in default for failing to admit that Note to probate within four
years.    .................................................................................................... 3

    Issue No. 2:    The default of John Koehler in failing to timely probate
the handwritten Note is imputed to Appellee Kanda Koehler, prohibiting
the probate of that handwritten Note. ...................................................................... 3

Statement of Facts ...................................................................................................... 3

Summary of the Argument .......................................................................................... 7

Standard of Review .................................................................................................... 9

Argument of the Issues ............................................................................................... 10

    Issue No. 1:    Appellee Kanda Koehler failed to act in a reasonably
diligent manner in admitting the handwritten Note to probate, and was
therefore in default for failing to admit that Note to probate within four
years.    .................................................................................................... 10

    Issue No. 2:    The default of John Koehler in failing to timely probate
the handwritten Note is imputed to Appellee Kanda Koehler, prohibiting
the probate of that handwritten Note. ...................................................................... 23

Prayer for Relief ........................................................................................................ 26

Certificate of Service ................................................................................................. 27

Certificate of Compliance.......................................................................................... 28

# Index of Authorities

## **CASES**

*Abrams v. Estate of Sarah Ross*, 250 S.W. 1019, 1022 (Tex. Comm'n App.— 1923, *op. adopted*) ................................................................................................23

*BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) .......................9

*Brown v. Byrd,* 512 S.W.2d 758 (Tex. Civ. App. Tyler 1974).................. 11, 16, 17, 20, 24

*Chovanec v. Chovanec*, 881 S.W.2d 135 (Tex. App. Houston 1st Dist. 1994) .... 11, 12, 22

*City of Keller v. Wilson*, 168 S.W.3d 802, 807 .................................................................9

*Everett H. Rothrock, Deceased*, 312 S.W.3d at 275 (citing *St. Mary's*, 122 S.W. at 591) ......................................................................................... 10, 11, 22

*Faris v. Faris*, 138 S.W.2d 830, 831 (Tex. Civ. App.—Dallas 1940, *writ ref'd*) .................

.................................................................................................. 10, 23,24, 25

*In re Estate of McGrew,* 906 S.W.2d 53 (Tex. App. Tyler 1995)............................... 13, 14

*In re Estate of Perez*, 324 S.W.3d 257 (Tex. App. El Paso 2010) ........................ 12, 13, 22

*In re Estate of Williams*, 111 S.W.3d 259, 263-264 (Tex. App.--Texarkana 2003 ...................................................................................................... 10

*In the Estate of Campbell*, 2011 Tex. App. LEXIS 4473, 15, No. 07-10-0151-CV (Tex. App. – Amarillo June 14, 2011, no. pet. hist.) ....................................iii, 9

*Kamoos v. Woodward,* 570 S.W.2d 6 (Tex. Civ. App. San Antonio 1978)................. 12, 22

*Matt v. Ward*, 255 S.W. 794, 795-96 (Tex. Civ. App.—Fort Worth 1923, *writ ref'd*).......................................................................................................24

*Poppe v. Poppe*, 2009 Tex. App. LEXIS 1630 (Tex. App. Houston 1st Dist. Mar. 5, 2009) .............................................................................. 14, 15, 16, 22

*Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.--Dallas 2003, pet. denied) ........................................................................iii, 10, 11, 16, 23, 24, 25, 26

*St. Mary's Orphan Asylum of Tex. V. Masterson*, 122 S.W. 587, 591 (Tex. Civ. App.—San Antonio 1909, *writ ref'd*) ....................................................... 10

## STATUTES

Section 256.003 of the *Texas Estates Code*........................................................................ 1

Section 73 of the *Texas Probate Code* ................................................................. 1, 3, 7, 10

# No. 03-14-00035-CV

**In the Estate of Evelyn
Landua Koehler, Deceased**

## Appellants' Brief – Oral Argument Requested

To the Honorable Court of Appeals:

Come now Casey A. Koehler and Jennifer Phy, Appellants in this case, and files this initial Brief. In this Brief, every effort will be made to refer to Appellants by name or jointly as "Appellants," and Kanda Koehler will be referred to as "Appellee."

### Statement of the Case

This is a case involving the improper probate of a purported Codicil to the Last Will and Testament of Evelyn Koehler (hereinafter the "Will") more than four years after her death in violation of Section 256.003 of the *Texas Estates Code*, formerly Section 73 of the *Texas Probate Code*.[1]

On December 28, 2008, Evelyn Koehler passed away at the age of 93. She left behind two different documents: (1) her Will, which was executed on May 29, 2001, and which was never revoked; and (2) a handwritten document dated November 24, 2008 (hereinafter the "Note"), which was written and signed by

---

[1] Throughout the Brief, references will be made to Section 73 of the *Texas Probate Code*.

1

Evelyn Koehler shortly before her death. Under the terms of the Will, Casey Koehler, one of the Appellants herein, would take a full one-third share of the Estate of Evelyn Koehler as the only child of David Koehler, who predeceased Evelyn Koehler. Under the terms of the handwritten Note, Casey Koehler would take nothing from the Estate of Evelyn Koehler.

On August 21, 2012, Jennifer Phy, one of Evelyn Koehler's granddaughters, filed an application to probate the Will, and to have her named as Independent Administrator of the Estate of Evelyn Koehler. In that application, Phy discussed the Note, and made it clear that she was not offering the Note for probate because she did not believe it was executed with the necessary formalities and solemnities required by law to make it a valid codicil under the law. On July 29, 2013, the trial court entered an order admitting the Will to probate, and naming Phy the Dependent Administratrix of the Estate of Evelyn Koehler.

On August 27, 2013, Appellee, Kanda Koehler, filed an application seeking to have the Note probated as a valid codicil to the Will. Appellee was aware of the handwritten Note as far back as November or December, 2008, prior to the death of Evelyn Koehler, she was aware that John Koehler, a son of Evelyn Koehler and a relative of Appellee, was in possession of that handwritten Note, and she was aware that John Koehler knew of the Note and refused to offer the Note for probate prior to his death despite repeated requests by family members. Yet, she failed to

{03568446.DOC / 2}

make any effort to admit that handwritten Note to probate until approximately eight months after the four year limitations period expired under Section 73 of the *Texas Probate Code*.

An evidentiary hearing was held regarding that application on October 23, 2013. Following that hearing, the trial court entered an order admitting the Note to probate as a valid handwritten codicil.

## Statement of the Issues

**Issue No. 1:** **Appellee Kanda Koehler failed to act in a reasonably diligent manner in admitting the handwritten Note to probate, and was therefore in default for failing to admit that Note to probate within four years.**

**Issue No. 2:** **The default of John Koehler in failing to timely probate the handwritten Note is imputed to Appellee Kanda Koehler, prohibiting the probate of that handwritten Note.**

## Statement of Facts

On May 29, 2001, Evelyn Koehler executed her Last Will and Testament (hereinafter the "Will"). (Appendix "A"). That Will granted a life estate to her brother, Otto Charles Landua, in 20.1 acres in Washington County, Texas. (Appendix "A"). The Will also provided that both Jennifer Phy and Casey Koehler were to receive rings. (Appendix "A"). The remainder of Evelyn Koehler's estate was to pass to her three sons, John Koehler, David Koehler, and Charles Koehler, in equal one-third portions. (Appendix "A"). The Will also provided that:

3

In the event that JOHN L. KOEHLER, DAVID A. KOEHLER, or CHARLES F. KOEHLER should predecease me, then such beneficiary's share of my estate shall pass to the issue of said beneficiary, share and share alike…according to the terms and conditions hereinafter set forth and provided.

(Appendix "A"). David Koehler predeceased Evelyn Koehler, and Casey Koehler was his only child.

On November 24, 2008, Evelyn Koehler executed a second document (hereinafter the "Note"), which was handwritten, and which stated:

Since the death of my son, David Koehler, it is my wish and will that the property I share equally with my son, John L. Koehler in (unreadable), Texas go to John L. Koehler when my property is divided upon my death because he took care of it, of me and Charles F. Koehler, his brother, and that as executor of my will that John L. Koehler be the trustee for Charles F. Koehler when remaining of my property is divided to him, John L. Koehler and Charles F. Koehler equally.

(R.R., Vol. 3, Petitioner's Exhibit No. 1). The Note was signed by Evelyn Koehler, and notarized by Linda Gersbach. (R.R., Vol. 3, Petitioner's Exhibit No. 1). There were no witnesses identified on the Note, and nobody else signed the Note. (R.R., Vol. 3, Petitioner's Exhibit No. 1).

Evelyn Koehler died on December 28, 2008. (C.R. 21). At the time of her death, John Koehler, her son, took possession of both the Will and the handwritten Note, but never attempted to admit either the Will or the handwritten Note to probate. (C.R. 23). In fact, John Koehler refused to relinquish possession of those documents. (Appendix "C"). On March 12, 2012, Appellants filed an Application

4

to Compel Delivery of Will, which sought to compel John Koehler to deliver to the clerk of the court in Bell County, Texas both the Will and the handwritten Note. (C.R. 77-79). The trial court ordered John Koehler to appear in court on April 17, 2012 in order to show cause why he should not deliver the Will or the handwritten Note to the court. (C.R. 83). John Koehler did not appear for that hearing. (C.R. 23). On or around April 18, 2012, John Koehler committed suicide. (C.R. 23; R.R., Vol. 2, pg. 35, lines 11-15). John Koehler left behind a holographic will, which named either Appellee Kanda Koehler and/or Appellant Jennifer Phy as executrix, and which provided that Appellants and Appellee would take no more than a one-sixth interest in the remainder of his estate. (Appendix "B").

Appellee Kanda Koehler was aware of the Note prior to Evelyn Koehler's death in December, 2008. (R.R., Vol. 2, pg. 50, lines 1-25). She received a copy of that handwritten Note in June, 2012. (R.R., Vol. 2, pg. 51, line 24 through pg. 52, line 4; pg. 55, lines 16-18; R.R., Vol. 3, Contestant's Exhibit 1). She knew at that moment that "time was of the essence" in resolving any issues regarding Evelyn Koehler's estate. (R.R., Vol. 2, pg. 55, lines 19-21). Towards that end, she hired an attorney during the summer of 2012 to work on her behalf regarding claims related to the estate. (R.R., Vol. 2, pg. 57, lines 7-9). Yet, it was not until August 27, 2013, over a year after she first received a copy of the handwritten Note and hired an attorney to represent her in this matter, that she first filed an

5

application to admit the handwritten Note as a codicil of Evelyn Koehler's Will. (C.R. 28-29).

On August 27, 2012, Jennifer Phy filed her Application for Independent Administration and Letters of Administration Pursuant to Section 145(d) of the Texas Probate Code, which sought to have her appointed as administratrix regarding the Estate of Evelyn Koehler, and which sought to have the Will admitted to probate. (C.R. 5-8). Phy did not seek to have the handwritten Note admitted to probate because, "she does not believe it was executed with the formalities and solemnities required by law to make it a valid codicil." (C.R. 6).

On July 29, 2013, the trial court admitted the Will to probate and appointed Jennifer Phy as the Dependent Administratrix of the Estate of Evelyn Koehler. (C.R. 25-27). On October 23, 2013, an evidentiary hearing was held in County Court at Law No. 1 in Bell County, Texas regarding Appellee Kanda Koehler's application to admit the handwritten Note as a codicil to the Will. (C.R. 61-62). Following that hearing, the trial court entered an Order admitting the handwritten Note as a valid codicil to Evelyn Koehler's Will. (C.R. 61-62). The trial court also entered Findings of Fact and Conclusions of Law, in which the court found that Appellee Kanda Koehler was "not in 'default' in failing to offer the Codicil for probate on or before" December 28, 2012 because "Kanda Koehler used and acted with due diligence in filing her application to probate said Codicil on August 27,

2013." (C.R. 65-66). Appellants filed their Notice of Appeal on January 21, 2014 appealing the Order and the Findings of Fact and Conclusions of Law. (C.R. 67-68).

## Summary of the Argument

Former Section 73 of the *Texas Probate Code* provided that "[n]o will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid." The party offering the will has the burden to prove that they were not in default in failing to admit the will to probate within the four year period prescribed by the statute.

Appellee Kanda Koehler had standing to attempt to probate the handwritten Note, or she could have acquired that standing by attempting to probate John Koehler's will in a timely manner. She knew of the existence of the handwritten Note, knew that John Koehler had possession of that Note, and knew that John Koehler was withholding the Note from other family members well before the expiration of the four year limitations period. She received a copy of that handwritten Note almost six months before the expiration of the four year limitations period. And she retained counsel to assist her in probating that handwritten Note almost five months before the expiration of the four year

limitations period. Yet, she waited until August 27, 2013, approximately eight months after the expiration of the four year limitation period, one year after she received a copy and nearly 5 years after learning of the existence of the Note, to file an application to probate that handwritten Note. And none of the excuses offered by Appellee explain that delay. Therefore, Appellee was in default in failing to timely file an application to probate the handwritten Note, and this Court should reverse the trial court's order, which permitted her to probate the Note in an untimely manner.

Additionally, Texas law states that when the party offering a will is a devisee of a devisee, that party can not occupy a better position than the person from whom they are taking, and they must stand in the shoes of that party when determining whether they are in default in failing to present a will for probate on or before the fourth anniversary of the testator's death. In the present case, Appellee Kanda Koehler's only interest in the Estate of Evelyn Koehler was as a devisee under the will of John Koehler and as the executrix of his estate. Therefore, she can not occupy a better position than that of John Koehler. It is undisputed that John Koehler was aware of the handwritten Note, that he was in possession of the handwritten Note, that he made no effort to have that Note admitted to probate, that he refused to deliver the Will and the Note to family members when requested, and that legal proceedings were brought to compel him to produce the Will and

Note. Therefore, there is no question that John Koehler was in default for failing to offer the Note for probate prior to his death in April, 2012. Since Appellee can occupy no better position than John Koehler, she is also in default and the Note can not be admitted to probate.

### Standard of Review

A trial court's conclusions of law are reviewed *de novo*. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *In the Estate of Campbell*, 2011 Tex. App. LEXIS 4473, 15, No. 07-10-0151-CV (Tex. App. – Amarillo June 14, 2011, no. pet. hist.). A trial court's conclusions of law may not be challenged for factual insufficiency; however, a reviewing court may review the court's legal conclusions drawn from the facts to determine their accuracy. *BMC Software*, 83 S.W.3d at 794. If a conclusion of law is erroneous, but the court rendered the proper judgment, the erroneous conclusion of law does not require reversal. *Id.* In reviewing the legal sufficiency of the evidence, the appellate court views the evidence in the light most favorable to fact determinations made by the finder of fact, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005).

{03568446.DOC / 2}

## Argument of the Issues

**Issue No. 1:** **Appellee Kanda Koehler failed to act in a reasonably diligent manner in admitting the handwritten Note to probate, and was therefore in default for failing to admit that Note to probate within four years.**

As a general rule, no will may be admitted to probate after four years from the death of the testator unless proof is given that the party applying for probate was not in default in failing to present the will for probate within the four (4) year period. *Tex. Prob. Code* § 73(a); *Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.--Dallas 2003, pet. denied); *In re Estate of Williams*, 111 S.W.3d 259, 263-264 (Tex. App.--Texarkana 2003, pet. denied). Texas law defines the term "default", as used in the statute, as a failure due to the absence of reasonable diligence on the part of the party offering the instrument. *Schindler*, 119 S.W.3d at 929. This requirement under Texas law is meant to encourage the timely probate of wills. *Id.* at 274 *(citing St. Mary's Orphan Asylum of Tex. V. Masterson*, 122 S.W. 587, 591 (Tex. Civ. App.—San Antonio 1909, *writ ref'd*)); *See also Faris v. Faris*, 138 S.W.2d 830, 831 (Tex. Civ. App.—Dallas 1940, *writ ref'd*). So, for a will to be admitted to probate after the four year limitations period, the party applying for probate must show that they exercised reasonable diligence in offering the instrument for probate.

"A person having custody of a will is charged with the knowledge that it must be filed for probate within the statutory period to rely upon it, whether the

necessity for doing so is apparent to him or not." *Everett H. Rothrock, Deceased*, 312 S.W.3d at 275 (citing *St. Mary's*, 122 S.W. at 591). Further, it cannot be said that a person having custody of a will and who refrains from presenting the same within the statutory period for mere personal considerations is not in default. *Id*. The burden of proof is on the proponent of a will to show that he or she is not in default for failing to present the will within four year of the decedent's death. *See Schindler*, 119 S.W.3d at 929; *Everett H. Rothrock, Deceased*, 312 S.W.3d at 274; *Brown*, 512 S.W.2d at 760.

In *Chovanec v. Chovanec*, 881 S.W.2d 135 (Tex. App. Houston—1st Dist. 1994), Judy died on August 10, 1979, leaving a will devising all of her property to her husband, Edwin. *Chovanec*, 881 S.W.2d at 136. Edwin never sought to have her will admitted to probate because he believed the property in Fayette County was his separate property, gifted to him by his father. *Id*. However, this property was actually in both Edwin and Judy's name. *Id*. Thirteen years after his wife's death, Edwin consulted with a real estate agent who questioned him about title to the property. *Id*. Thereafter, Edwin offered the will for probate as a muniment of title to the subject property. *Id*. The Houston Court of Appeals held that Edwin was not in default because: (1) he was not aware it was necessary to probate the will because he believed the land was separate property; (2) he was unaware of any title problems until he was alerted to those issued thirteen years after his wife's

11

death; and (3) once Edwin realized there may be title problems, he *immediately* offered the will for probate. *Id*. at 137.

In *Kamoos v. Woodward,* 570 S.W.2d 6 (Tex. Civ. App. San Antonio 1978), Paul died on December 14, 1971, leaving a will devising all of his property to his wife, Hazel. *Kamoos*, 570 S.W.2d at 7. Hazel did not seek to probate that will until 1976, approximately five years after Paul's death. *Id*. at 6-7. The San Antonio Court of Appeals held that Hazel was not in default despite the expiration of the four year limitations period because: (1) due to the limited nature of the property and resources Hazel believed Paul and herself had at the time of his death, Hazel did not think it was necessary to probate the will; (2) that she only became aware of the need to probate the will when she was contacted by an oil company that advised her of a royalty interest that was part of Paul's estate; and (3) that she *immediately* went to an attorney and had the will offered for probate once she became aware of the need to do so. *Id*. at 9-10.

In *In re Estate of Perez*, 324 S.W.3d 257 (Tex. App. El Paso 2010), Antonio died on March 10, 1995, leaving behind two different wills. *Perez*, 324 S.W.3d at 259. Antonio's children from his first marriage were beneficiaries under the "1975 Will." *Id*. Antonio's second wife, Rosa, was the sole beneficiary of the "1993 Will." *Id*. Neither will was probated at the time of Antonio's death. In 2004, Rosa hired an attorney to probate the 1993 Will in order to allow her to transfer

12

title in a home. *Id*. Instead of probating that will, the attorney recommended transferring the property through an affidavit of heirship and a special warranty deed. *Id*. In 2007, Rosa, in response to the children filing an application to declare heirship, finally filed her own application to probate the 1993 Will as a muniment of title. *Id*. The El Paso Court of Appeals held that Rosa was not in default despite the expiration of the four year limitations period because: (1) Rosa had limited financial resources; (2) Rosa's education was limited to grade school; (3) Rosa did not believe probating the 1993 Will was necessary; (4) and once she became aware of the need to probate the 1993 Will, upon the children filing the petition to determine heirship, she filed to probate the will within thirty days of the filing of their petition. *Id*. at 263.

In *In re Estate of McGrew,* 906 S.W.2d 53 (Tex. App. Tyler 1995), the testator was survived by his wife and his wife's step-daughter. *McGrew*, 906 S.W.2d at 55. Following testator's death, his wife searched for his will but was unable to locate the will. *Id*. So in lieu of probating the will of her husband she filed an "Application for Letters of Administration" with the county court, which was granted. *Id*. All of that took place in Van Zandt County, Texas, which was the county in which testator's property was located. When testator's wife eventually located his will, she filed an application to probate the will in Dallas County, Texas. *Id*. This application was contested by the step-daughter. *Id*.

{03568446.DOC / 2}

While the Dallas County court admitted the will to probate, that was eventually overturned on jurisdictional grounds. *Id*. Testator's wife never attempted to admit the will for probate again. *Id*. She subsequently sold the property to another party, who eventually conveyed the property by deed to Martin Gibson and Sherry Gibson. *Id*. When, nearly fifteen years after the original testator's death, the Gibsons received notice that an heir at law of the testator was making a claim to their property, they filed an application to probate testator's will as a muniment of title. *Id*. The step-daughter contested that application, but the trial court ultimately admitted the will to probate and the step-daughter appealed that decision arguing that the will could not be admitted to probate because the four year limitations period had expired. *Id*. In upholding the ruling of the trial court, the Tyler Court of Appeals held that the Gibsons had provided a sufficient justification for the delay in probating the will. *Id*. at 55. The Court found that the evidence proved that the Gibsons did not acquire the property until ten years after the testator's death and had no knowledge that the step-daughter claimed an interest in the subject property. *Id*. Therefore, the Court held that the Gibsons were not in default in failing to probate the will within four years of the testator's death. *Id*.

In *Poppe v. Poppe*, 2009 Tex. App. LEXIS 1630 (Tex. App. Houston 1st Dist. Mar. 5, 2009), Lee Earl Poppe, Sr. (hereinafter "Lee, Sr.") owned 100 acres in Colorado County, Texas. *Poppe*, 2009 Tex. App. LEXIS 1630 at 1-2. On

14

March 19, 2000, he died, survived by his wife Lillie and two sons, Robert and Lee Earl Poppe, Jr. ("Lee Jr."). *Id* at 2. His wife Lillie never offered or sought to have Lee Sr.'s will admitted probate. *Id*. On March 8, 2001, Lillie conveyed one-half of the 100 acres to Lee Jr. and his wife Shirley. *Id*. Lillie died on May 3, 2003. *Id*. Lee Jr. died on January 23, 2006, having never probated either Lee Sr.'s will or Lillie's will. *Id*. Thereafter, Robert filed suit against Shirley on October 2, 2006 over disputes as to the ownership of the 100 acres. *Id*. After Robert filed suit against Shirley regarding the property, Shirley filed an application to probate the will of Lee Sr. as a muniment of title, which Robert contested on the grounds that the probate code only permits a will to be admitted as a muniment of title more than four years after testator's death if the party seeking probate of the will was not in default. *Id*. The Houston Court of Appeals ruled in favor of Shirley and held that the evidence did not conclusively establish that she was in default. *Id*. at 12-13. Specifically, there was a letter from Shirley's lawyer stated that he believed that, "[w]e can perhaps dispose of the disposition of their estate without necessity of probating the Wills," which the court found to be evidence that Shirley was not aware of the necessity to probate the will. *Id*. at 12. In addition, the fact that Shirley filed the application to probate the will as a muniment of title as soon as Robert sued her concerning the 100 acres indicated to the Court that she was not in

default for not applying to have the will admitted to probate at an earlier time. *Id*. at 13.

Compare the cases above to the Dallas Court of Appeals holding in *Schindler*. In *Schindler,* Ruby executed a will in 1987 (which was amended by codicils executed prior to 1995, the will and codicils are referred to collectively as the "1987 Will") which left her property in trust for the benefit of her husband, Jodie, and their surviving children. *Schindler*, 119 S.W.3d at 927. In 1995 Ruby executed another will which revoked all prior wills and codicils and left all of her property to Jodie (the "1995 Will"). *Id*. Following Ruby's death on, June 18, 1996, the 1987 Will was admitted to probate. *Id*. Jodie died on April 13, 2000. Jodie's will left 75% of his estate to his second wife, Mary. *Id*. On June 14, 2001, more than four years after Ruby's death, Mary offered the 1995 Will for probate. *Id*. It was undisputed that Jodie knew about the 1995 Will before his death and that he failed to offer it for probate before he died. *Id*. at 930. The Dallas Court of Appeals held that Jodie was in default because he knew about the 1995 Will at the time of Ruby's death and yet still failed to take any steps to probate that will within the four year limitations period.

In *Brown v. Byrd,* 512 S.W.2d 758 (Tex. Civ. App. Tyler 1974), E. L. Gregg died on April 20, 1934, survived by three children, namely E. R. Greg, Florrie Gregg Gee and Nell Gregg Kurth. *Brown*, 512 S.W.2d at 760. Nell Gregg Kurth

died on October 20, 1952, leaving four children, Florrie Kurth Byrd, Hattie Kurth Brown, Melvin Gregg Kurth and Gregg Kurth. *Id.* Florrie Kurth Byrd offered E. L. Gregg's will and codicil for probate in 1973. *Id.* Hattie Kurth Brown contested the offering of said will and codicil for probate stating that Nell Gregg Kurth and Florrie Kurth Byrd were, as a matter of law, in default for failing to offer the will for probate within four years. *Id.* The Tyler Court of Appeals held that Florrie Kurth Byrd was in default because she had known about the existence and contents of the will since 1953, and yet failed to take any steps to have that will probated until 1973. *Id.* at 761. The Court held that it was immaterial that the will was not actually in her possession because she was aware of its existence. *Id.* And the Court held that Florrie Kurth Byrd's claim that she did not know what probate meant until 1970 was not a sufficient excuse for failing to probate the will in a timely manner. *Id.*

Appellee Kanda Koehler testified that she became aware of the handwritten Note in either November or December, 2008, prior to Evelyn Koehler's death:

Q When did you first learn of the existence of the Codicil?

A The physical document?

Q When did you first learn of the existence of the Codicil?

A In prior discussions with John.

Q When was that?

17

A I can't tell you a date. I spoke to John weekly.

Q Okay. As far back as 2009?

A Probably.

Q Okay. As far back as immediately after Evelyn's death?

A Oh, no. *I knew before that Evelyn had done this, signed it in 2008, that Evelyn had changed her Will.*

Q *So you knew of the existence of the Codicil before Evelyn's death?*

A *Yes.*

Q *Okay. So when four years past her death had expired, you knew of the existence of that codicil for over four years?*

A *I had heard of it. I had never seen it.*

Q *But you knew of its existence?*

A *Yes.*

(R.R., Vol. 2, pg. 50, lines 1-25)(emphasis added). Therefore, when Appellee filed her application to probate the handwritten Note as a codicil to Evelyn's Will on August 27, 2013, she had been aware of that handwritten Note, and that Evelyn had changed her Will by that Note, for approximately five years. Yet, she had taken no steps to acquire possession of that handwritten Note, and she had made no effort to have that handwritten Note admitted to probate.

Appellee Kanda Koehler also testified that she received a copy of the handwritten Note in June, 2012. (R.R., Vol. 2, pg. 51, line 24 through pg. 52, line

18

4; pg. 55, lines 16-18; R.R., Vol. 3, Contestant's Exhibit 1). She testified that at that moment, as soon as she received a copy of handwritten Note, she knew "time was of the essence" in resolving any issues regarding Evelyn Koehler's estate. (R.R., Vol. 2, pg. 55, lines 19-21). So, she hired an attorney. (R.R., Vol. 2, pg. 57, lines 7-9). But neither she nor her attorney took any steps to obtain the original copy of that handwritten Note (even though it was on file with the clerk of the court, and readily available to the public at large), and neither she nor her attorney made any effort to have that handwritten Note admitted to probate until fourteen months had passed, which would be 427 days or sixty-one weeks.

In the cases discussed above where various Courts of Appeals have found that a party is not in default for seeking to admit a will to probate after the expiration of four years, they have focused on certain factors that provide a sufficient excuse for failing to admit the will to probate in a timely manner. The fact that the party had limited financial resources, the fact that the party believed that there was no need to probate the will because of the nature of the estate or their relationship to the testator, and the fact that the party sought to have the will admitted to probate *immediately* after learning of the need to do so, or shortly thereafter, have all been held to be factors showing that the party offering the will into probate was not in default. None of those factors are at play in the present

19

case, and Appellee has not used any of the above as an excuse for failing to offer the handwritten Note into probate in a timely manner.

The trial court, in its Findings of Fact and Conclusions of Law (C.R. 65-66), listed the following factors as justifying Appellee's failure to timely probate the handwritten Note:

- Appellee admitted that she saw a copy of the handwritten Note on or about June 26, 2012, but did not have possession or control of the original handwritten Note, nor the right to control possession and disposition of said Will or handwritten Note;

As discussed above, in *Brown* the Tyler Court of Appeals found that a party was in default for failing to probate a will within four years from the death of the testator even though that party was not physically in possession of the will. *Brown*, 512 S.W.2d at 761. Conversely, the Court found that the fact that the party knew of the existence of the will, and knew who was in possession of that will, meant that they had an obligation to have that will probated in a timely manner, and the failure to do so put that party in default. *Id.* As discussed above, Appellee Kanda Koehler admitted that she knew about the existence of the handwritten Note since November or December, 2008, prior to Evelyn Koehler's death. (R.R., Vol. 2, pg. 50 lines 1-25). In addition, she knew that John Koehler was in possession of that handwritten Note prior to his death on April 18, 2012 because she had discussions with him regarding other family members' attempts to force him to produce a copy of that handwritten Note. (R.R., Vol. 2, pg. 48 lines 22-25). So,

20

no later than April 18, 2012, Appellee knew of the existence of the handwritten Note and she knew who had possession of that Note. Yet, it took her until August 27, 2013, more than sixteen months later, to file her application to have that handwritten Note admitted to probate. That is hardly the type of diligence the law requires.

Additionally, neither the trial court nor the Appellee has identified any law requiring that a party seeking to admit a will or a codicil to probate must be in possession of the original of that will or codicil. In fact, when Appellee finally did file her application to probate the handwritten Note, she admitted that it was the clerk of the court, and not herself, that was in possession of that document. (C.R. 28-30). Again, Appellee has admitted that she knew of the existence of the handwritten Note since November or December, 2008, and she has admitted that she had a copy of the handwritten Note since June 26, 2012. (R.R., Vol. 2, pg. 51, line 24 through pg. 52, line 4; pg. 55, lines 16-18; R.R., Vol. 3, Contestant's Exhibit 1). Therefore, the fact that she did not have possession of the handwritten Note does not explain why she waited until August 27, 2013 to file her application to probate that Note.

- Appellee did not receive a "copy" of the handwritten Note until August or September of 2012;

As discussed above, this is not true. Appellee has admitted that she had a copy of the handwritten Note as early as June 26, 2012. (R.R., Vol. 2, pg. 51, line

21

24 through pg. 52, line 4; pg. 55, lines 16-18; R.R., Vol. 3, Contestant's Exhibit 1). In addition, possession is irrelevant.

- Appellee testified she did not know nor understand the "effect" of the filing of the handwritten Note with the County Clerk of Bell County, Texas for safekeeping;

"A person having custody of a will is charged with the knowledge that it must be filed for probate within the statutory period to rely upon it, whether the necessity for doing so is apparent to him or not." *Rothrock*, 312 S.W.3d at 275. In *Poppe*, *Perez*, *Kamoos*, and *Chovanec*, which are discussed above, the party seeking to admit the will to probate claimed that he or she was not aware of the need to admit the will to probate. But, in each of those cases, that belief was based on the nature of the relationship between the testator and the beneficiary of the will, and the nature of the property, or the value of the property that was subject to that will. In the present case, Appellee is just claiming ignorance of the law. And that is not a sufficient excuse.

- Appellee did not know that Kristen Mynar, attorney of record for Jennifer Phy, was not representing her also until on or about June 26, 2012;

One of the key factors mentioned in the cases discussed above was the fact that when the party discovered the need to probate the will they did so *immediately*. So, even if we assume Appellee really did believe that Kristen Mynar was her attorney until June 26, 2012, that does not explain why it took her another fourteen months to attempt to have the will admitted to probate.

22

On April 18, 2012, when John Koehler died, Appellee Kanda Koehler, as both a beneficiary and as executrix under his will, had standing to seek to admit both John's will and the handwritten Note to probate. At that same moment she was already aware of the existence of that handwritten Note. By June 26, 2012 she had received a copy of that handwritten Note. And by July, 2012 she had retained legal counsel, and knew that "time was of the essence" to resolve the issues with Evelyn Koehler's estate. And yet she waited until August 27, 2013 to file her application to admit the handwritten Note to probate. There is no excuse for that delay. And excusing her failure to have the handwritten Note admitted to probate in a timely manner will vitiate the public policy and statutory requirements favoring the timely probate of wills.

**Issue No. 2:** **The default of John Koehler in failing to timely probate the handwritten Note is imputed to Appellee Kanda Koehler, prohibiting the probate of that handwritten Note.**

"A proponent would not be considered personally in default if he or she did not know of the existence of the will provided such proponent was not negligent in failing to discover whether there was a will." *Schindler*, 119 S.W.3d at 929 (*citing Brown v. Byrd*, 512 S.W.2d at 760). "However, if any heir or devisee was in default, such default would bar his or her descendants or legatees from any right to have such will probated." *Id.* (citing *Abrams v. Estate of Sarah Ross*, 250 S.W. 1019, 1022 (Tex. Comm'n App.—1923, *op. adopted*); *Faris*, 138 S.W.2d at 832;

*Matt v. Ward*, 255 S.W. 794, 795-96 (Tex. Civ. App.—Fort Worth 1923, *writ ref'd*)).

In *Faris*, George Faris died on March 1, 1918. *Faris*, 138 S.W.2d at 830-831. George Faris had a will which left all of his property to his wife, Sophia Faris. *Id*. at 831. Sophia Faris had the will and she placed it in her lock box, where it remained until after her death on January 25, 1937. *Id*. Sophie Faris' will left her homestead to her son, Ellsworth Faris. *Id*. After Sophie's death, Ellsworth Faris offered the will of George Faris, his father, to probate. *Id*. The Dallas Court of Civil Appeals stated:

> Appellants vigorously contend that…only the "default" of the party applying for the will's probate is in issue. In the cited cases, the applicant was either a devisee under the will sought to be probated, or a purchaser (i. e., a grantee or vendee) of such devisee. Here, appellants were neither devisees, legatees, grantees, nor purchasers, as contemplated by the adjudicated cases, but are merely devisees of a devisee. Appellants may be considered as taking by purchase under the standard rules of construction relative to wills and succession of title thereunder, but, in the case at hand, *they occupy no better position than next of kin, or heirs of the mother.*

*Id*. at 832. Therefore, the Court held that since his mother, Sophie, was in default for failing to have the subject will admitted to probate in a timely manner, the son, Ellsworth, could not now revive that will because he could occupy no better position than that of his mother.

In *Schindler,* Ruby executed a will in 1987 (which was amended by codicils executed prior to 1995, the will and codicils are referred to collectively as the

"1987 Will") which left her property in trust for the benefit of her husband, Jodie, and their surviving children. *Schindler*, 119 S.W.3d at 927. In 1995 Ruby executed another will which revoked all prior wills and codicils and left all of her property to Jodie (the "1995 Will"). *Id.* Following Ruby's death on, June 18, 1996, the 1987 Will was admitted to probate. *Id.* Jodie died on April 13, 2000. Jodie's will left 75% of his estate to his second wife, Mary. *Id.* On June 14, 2001, more than four years after Ruby's death, Mary offered the 1995 Will for probate. *Id.* It was undisputed that Jodie knew about the 1995 Will before his death and that he failed to offer it for probate before he died. *Id.* at 930. The Dallas Court of Appeals held that Jodie was in default because he knew about the 1995 Will at the time of Ruby's death and yet still failed to take any steps to probate that will within the four year limitations period. Additionally, the Court held that, "Mary, as a devisee of Jodie, stands in no better position than Jodie." *Id.* Therefore, Jodie's default was imputed to Mary, and Mary could not probate the subject will because she could occupy no better position than that of Jodie.

In the present case, neither Evelyn Koehler's Will nor the handwritten Note left anything to Appellee Kanda Koehler. (Appendix "A"; R.R., Vol. 3, Petitioner's Exhibit No. 1). Conversely, John Koehler is a beneficiary of both Evelyn Koehler's Will and the handwritten Note. (Appendix "A"; R.R., Vol. 3, Petitioner's Exhibit No. 1). Appellee is nothing more than a devisee of a devisee

in regards to the Estate of Evelyn Koehler, and takes only as a beneficiary of the Last Will and Testament of John Koehler. Therefore, under the cases discussed above, Appellee can occupy no better position than John Koehler, and John Koehler's default in failing to probate the handwritten Note is imputed to Appellee. It is undisputed that John Koehler knew about the handwritten Note at the time of Evelyn Koehler's death in December, 2008, that he had possession of the handwritten Note, that he refused to deliver it to anyone, that he refused to appear in court when legal proceedings were instituted to force him to turn the Note over, and that he failed to offer that handwritten Note for probate prior to his death on April 18, 2012. Thereafter, Appellee continued his default and failed to seek to have that handwritten Note admitted to probate until August 27, 2013. These facts parallel the facts in *Schindler*, and this Court should apply the reasoning of the Dallas Court of Appeals from that case and hold that Appellee can not occupy any better position than John Koehler, and should be charged with his default in failing to probate the handwritten Note in a timely manner.

## **Prayer for Relief**

For the reasons stated, Appellants respectfully request that the Court reverse the order of the trial court, and render judgment denying Appellee Kanda Koehler's application to probate the handwritten Note.

{03568446.DOC / 2}

Respectfully submitted,

_____
Robert Little
State Bar No. 24050940
little@namanhowell.com
Kristen A. Mynar
State Bar No. 24074785
kmynar@namanhowell.com
Naman, Howell, Smith & Lee, PLLC
400 Austin Ave., Ste. 800
Waco, Texas 76701
254-755-4100
254-754-6331 (fax)

ATTORNEYS FOR APPELLANTS

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was sent to the person(s) named below, at the address shown by placing the same in a properly addressed envelope, postage pre-paid, and mailing the document by first class mail (and by other means stated below) on September 18, 2015.

Eric Stoebner
Harrell & Stoebner, P.C.
2106 Bird Creek Dr.
Temple, Texas 76502

_____
Robert Little

27

## Certificate of Compliance

I certify that the Brief on the Merits complies with the word count limitations contained in Rule 9, Tex. R. App. P, and provide the following information:

a. Case Name: **In the Estate of Evelyn Landua Koehler, Deceased**

b. Docket Number: **No. 03-14-00035-CV**

c. Document: **Appellants' Brief**

d. Word Processing Software used to prepare the document: **Microsoft Word**

In compliance with Rule 9.4, Tex. R. App. P., I certify that the Brief on the Merits contains no more than 6,219 words, including all portions countable towards the word limit, and all footnotes.

Respectfully submitted,

_____

Robert Little

{03568446.DOC / 2}

# No. 03-14-00035-CV

## In the Court of Appeals
## For the Third Judicial District
## Sitting at Austin, Texas

### In the Estate of
### Evelyn Landua Koehler, Deceased

Appealed from the County Court at Law No. 1 of
Bell County, Texas

## APPENDIX

| | |
|---|---|
| **Last Will and Testament of Evelyn Landau Koehler** | **A** |
| **Last Will and Testament of John Koehler** | **B** |
| **The Note** | **C** |
| **Order Admitting Holographic Codicil to Probate** | **D** |
| **Findings of Fact and Conclusions of Law** | **E** |

{03569324.DOCX / }





# Last Will and Testament

OF

EVELYN LANDUA KOEHLER

THE STATE OF TEXAS     §

                               KNOW ALL MEN BY THESE PRESENTS

COUNTY OF BELL        §

That I, EVELYN LANDUA KOEHLER, of the County of Bell, State of Texas, being above the age of Eighteen (18) years and being a single person, in good health and of sound and disposing mind and memory and desiring to dispose of all my worldly goods while I have the strength and capacity to do so, do Hereby Make, Publish and Declare this my Last Will and Testament, hereby revoking any and all other wills by me at anytime heretofore made, that is to say:

I

I desire and direct that my remains be interred in a decent manner suitable to my station and circumstances in life.

II

I direct that my legally binding obligations and funeral expenses including expenses of my last illness and all federal and state estate and inheritance taxes (except any generation-skipping tax imposed by Section 2601 of the Internal Revenue Code) imposed upon my estate or any beneficiary thereof, including the portion of any such tax as is attributable to the proceeds of policies of insurance on my life or other property now constituting a part of my probate estate, shall be apportioned in accordance with Texas law. My Executor is specifically given the right and power

*ELK*

G:\DOCS\CLIENT\K\Koehler, Evelyn\Will.frm

to incur indebtedness and to borrow money for the purpose of paying any or all of the aforesaid debts, expenses and taxes.

I further direct that all my property that is encumbered by any indebtedness at the time of my death shall pass to my beneficiaries subject to such indebtedness.

Any transfer taxes arising as a result of my death and in connection with any excess accumulation taxes under Section 4981(A) of the Code shall not be paid by my estate but shall be paid as provided under the applicable provisions of the Code or state law.

### III

I hereby give, will, devise and bequeath unto my brother, OTTO CHARLES LANDUA, my interest in the twenty and one tenth (20.1) acre property known as the "home place" in Washington County, Texas, **FOR AND DURING HIS LIFETIME ONLY,** the right to use and receive the income, profits, dividends and fruits derived therefrom, **SAVE AND EXCEPT** the income from mineral rights. I hereby give, will, devise, and bequest the remainder of said property, including but not limited to the mineral rights, and remainder interest in the surface estate unto my sons, as follows:

One-third (1/3) unto JOHN L. KOEHLER, in fee simple.

One-third (1/3) unto DAVID A. KOEHLER in fee simple.

One-third (1/3) unto CHARLES F. KOEHLER, BUT IN TRUST NEVERTHELESS according to the terms and conditions of the CHARLES KOEHLER TRUST, a Testamentary Trust established under the will of OTTO F. KOEHLER, signed on June 9, 1994; and probated in the Probate Court of Bell County, Texas, Cause Number 20,970, June 8, 1998.

*ELK*

## IV

I hereby give, will, devise and bequeath unto my granddaughter, JENNIFER KOEHLER PHY, my mother's gold and diamond ring, in fee simple.

## V

I hereby give, will, devise and bequeath unto my granddaughter, CASEY KOEHLER, my platinum and diamond ring, in fee simple.

## VI

U. S. Savings Bonds with a named co-owner shall be distributed to such named co-owner. All other U. S. Savings Bonds shall be divided equally among my three sons as follows:

One-third (1/3) unto John L. Koehler, in fee simple.

One-third (1/3) unto David A. Koehler, in fee simple.

One-third (1/3) unto CHARLES F. KOEHLER, BUT IN TRUST NEVERTHELESS, according to the terms and conditions of the CHARLES KOEHLER TRUST, a Testamentary Trust established under the will of OTTO F. KOEHLER, signed on June 9, 1994; and probated in the Probate Court of Bell County, Texas, Cause Number 20,970, June 8, 1998.

## VII

I hereby give, will, devise and bequeath the rest, remainder and residue of my property of which I may die seized and possessed, or to which I may be entitled, whether same be real, personal or mixed, of whatsoever character and wheresoever situated, both community and separate, as follows:

One-third (1/3) unto JOHN L. KOEHLER, in fee simple.

One-third (1/3) unto DAVID A. KOEHLER, in fee simple.

One-third (1/3) unto CHARLES F. KOEHLER, BUT IN TRUST NEVERTHELESS according to the terms and conditions of the CHARLES KOEHLER TRUST a Testamentary Trust established under the will of OTTO F. KOEHLER, signed on June 9, 1994; and probated in the Probate Court of Bell County, Texas, Cause Number 20,970, June 8, 1998.

In the event that JOHN L. KOEHLER, DAVID A. KOEHLER or CHARLES F. KOEHLER should predecease me, then such beneficiary's share of my estate shall pass to the issue of said beneficiary, share and share alike, BUT IN TRUST NEVERTHELESS, according to the terms and conditions hereinafter set forth and provided. In the event that JOHN L. KOEHLER, DAVID A. KOEHLER, or CHARLES F. KOEHLER should predecease me and leave no issue, then said beneficiary's share of my estate shall pass equally to the survivor or survivors of JOHN L. KOEHLER, in fee simple; DAVID A. KOEHLER, in fee simple; and CHARLES F. KOEHLER, BUT IN TRUST NEVERTHELESS, according to the terms and conditions of the CHARLES KOEHLER TRUST a Testamentary Trust established under the will of OTTO F. KOEHLER, signed on June 9, 1994; and probated in the Probate Court of Bell County, Texas, Cause Number 20,970, June 8, 1998.

## VIII

I hereby name, nominate, constitute and appoint JOHN L. KOEHLER and/or DAVID A. KOEHLER, as Independent Executor of this my Last Will and Testament, and I direct that no bond or other security shall be required of them as such, and that the Courts of the Country shall have and exercise no jurisdiction over my estate except to require the probating of this Will and the return into Court of an Inventory, Appraisement and List of Claims as required by law. I do further authorize and direct that my said Independent Executor shall have full and complete power and authority to

*ELK*

manage, lease, control, exchange, sell real estate or otherwise alienate all or any portion of my estate as to them in their discretion shall seem fit and proper, all without the intervention of any Court or other agency.

My Executor shall have all the power, rights, authorities and prerogatives set forth in the Texas Trust Code as it now exists or may be hereafter amended.

## IX

If any of my grandchildren receive a share of my estate under the provisions of this Will and are under the age of twenty-one (21) years, then I direct that the legal guardian of such grandchild, as Trustee, hold such grandchild's share of my estate in a separate trust for the benefit of such grandchild until such grandchild attains his or her twenty-first (21st) birthday, at which time the Trustee shall distribute the principal and accumulated income of such trust to the beneficiary and thereby terminate the trust. During the period of time any such share is held in trust under the provisions of this Article, the Trustee shall have all the powers conferred on Trustees by the Texas Trust Code as now written or hereafter amended, and to generally deal in and with the trust estate to the same extent and with the same effect as a competent adult individual might or could do without being restricted by the terms of the Texas Trust Code, and to do all acts which, in the judgment of the Trustee, may be necessary or desirable or appropriate for the proper and advantageous management, investment or disposition of any property of a trust estate without limitation whatsoever. The Trustee is authorized to apply so much of the income and principal of such grandchild's trust as the Trustee, in its sole discretion may deem desirable for the health, maintenance, support or education of such grandchild. If such grandchild dies before attaining his or her twenty-first (21st) birthday, the principal and any accumulated income of his or her trust shall

*ELK*

be distributed to the estate of such grandchild. No bond or other security shall be required of the Trustee serving pursuant to this Article, and any such Trustee shall additionally have all powers and protection granted to my Executor by the terms of this Will.

THIS I MAKE, PUBLISH AND DECLARE as my LAST WILL AND TESTAMENT and in TESTIMONY WHEREOF, witness my hand at Temple, Texas, this the 29th day of May, 2001, in the presence of MARILYN BENTLEY, DIANITA DRIVER, and WANDA KELLEY, who at my request, in my presence and in the presence of each other hereunto subscribe their names as attesting witnesses.

_Evelyn Landua Koehler_
EVELYN LANDUA KOEHLER
Testatrix

WITNESSES:

_Marilyn Bentley_

_Dianita Driver_

_Wanda Kelley_

THE STATE OF TEXAS     §

COUNTY OF BELL       §

      BEFORE ME, the undersigned authority, on this day personally appeared EVELYN LANDUA KOEHLER, MARILYN BENTLEY, DIANITA DRIVER, and WANDA KELLEY, known to me to be the Testatrix and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the said EVELYN LANDUA KOEHLER, Testatrix, declared to me and to the said witnesses in my presence, that said instrument is her Last Will and Testament, and that she had willingly made and executed it as her free act and deed for the purposes therein expressed; and the said witnesses, each on his or her oath, stated to me, in the presence and hearing of the Testatrix, that the said Testatrix had declared to them the said instrument is her Last Will and Testament, and that she executed same as such and wanted them to sign it as a witness; and upon their oaths, each witness stated further that they did sign the same as witnesses in the presence of the said Testatrix, and at her request; that she was at the time eighteen (18) years of age or over and was of sound mind, and that each of said witnesses was then at least fourteen (14) years of age.

_EVELYN LANDUA KOEHLER_
EVELYN LANDUA KOEHLER
Testatrix

_Marilyn Bentley_

_Dianita Driver_

_Wanda Kelley_

      SUBSCRIBED AND SWORN to before me by the said EVELYN LANDUA KOEHLER, Testatrix, and by the said MARILYN BENTLEY, DIANITA DRIVER, and WANDA KELLEY, witnesses, this the 29th day of May, 2001.

_Sandra Jones_
Notary Public in and for the
State of Texas

SANDRA JONES
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
1-26-2005

# B

# Last will and Testament

Being of sound mine I make this my last will and testament. I appoint Kanda Koehler of Surprise, Arizona and/or Jennifer Phy of Lubbock, Texas as my executriy to settle all my affairs with all powers to sell assign or otherwise dispose of my estate.

I would like after settlement to give Ten Thousand ($10,000) Dollars to Immanuel Lutheran Church of Temple, Texas

All things settled I would will my estate divided in six parts to be distributed equally to the following:

Jennifer Phy of Lubbock, Texas,
Casey Koehler of Boulder, Colo.,
Harold Schwausch of Temple, Texas.,
Kevin Koehler of Fargo, North Dakota,
Jerry Schrimsher of Temple, Texas,
and Kanda Koehler of Surprise, Arizona.
And my spur collection to Robert Elliot of Belton, Texas.

God Bless All

Respectfully,

John Koehler

4-1-12

# C

"marked as exhibit 1 or 2

4320 Ole Waco Rd
Temple, Tx 76502
August 15, 2011

Attention: Sam Hawthorne
Dear Sir:

The enclosed communique will no doubt clear up many mis understandings concerning my Mothers estate.

I prefer to maintain open communication with my brother, Charles, and others as it can only resolve matters more quickly.

I am advised to maintain in my possession of my mothers documents until this matter is resolved. All rightful heirs of interest have viewed or had opportunity to view her documents and should be in possession of the facts. I have four years.

Respectfully,
John Koeller

Enclosure: 1

# D

{03569018.DOCX / }

# No. 29,462

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN COUNTY COURT AT LAW |
| | § | |
| EVELYN LANDUA KOEHLER, | § | NUMBER ONE |
| | § | |
| DECEASED | § | BELL COUNTY, TEXAS |

## ORDER ADMITTING HOLOGRAPHIC CODICIL TO PROBATE

On October 23, 2013, came on to be heard the Application For Probate of Holographic Codicil and Letters of Administration With Will Annexed filed by KANDA KOEHLER ("Applicant"), in the Estate of EVELYN LANDUA KOEHLER ("Decedent").

On January 10, 2013 the Court signed an order in this cause appointing JENNIFER PHY as Temporary Administrator of Decedent's estate; and on July 29, 2013, the Court signed an order in this cause admitting to probate an instrument dated May 29, 2001 as Decedent's Will, appointing JENNIFER PHY as Dependent Administrator of Decedent's estate, and granting Letters of Administration of Will Annexed.

The Court, having heard the evidence and having reviewed the instrument offered for probate by Applicant as a Codicil to Decedent's Will, and the other documents filed herein, finds that the allegations set forth in the Application are true; that Decedent died on December 28, 2008, and that Applicant is not in default for failing to probate the Codicil within four years of Decedent's death; that notice and citation have been given in the manner and for the length of time required by law; that this Court has jurisdiction and venue of the Decedent's estate; that Decedent left a holographic Codicil dated November 28, 2008, executed with the formalities and solemnities and under the circumstances required by law to make it a valid Codicil to Decedent's Will; that from the sworn testimony in open Court of two persons familiar with the handwriting of Decedent, it appears the Codicil was made wholly in the handwriting of the Decedent, and Decedent's signature is subscribed thereto; that on the date said holographic Codicil was made, Decedent had attained the age of eighteen (18) years and was of sound mind; that said Codicil was not revoked by Decedent; that all of the necessary proof required for the probate of said Codicil has been made; that said Codicil is entitled to probate; that neither the state, a governmental agency of the state, nor a charitable organization is named by said Codicil as a devisee; that the Codicil named JOHN L. KOEHLER as executor of Decedent's estate and trustee of all trusts created under Decedent's Will; that JOHN L. KOEHLER is deceased, having died on April 18, 2012; and that no interested person has applied for the appointment of appraisers and none are deemed necessary by the Court.

[1]

IT IS THEREFORE ORDERED that the instrument dated November 28, 2008 is admitted to probate as a Codicil to Decedent's Last Will and Testament, and the Clerk of this Court is ORDERED to record the Codicil and Application in the judge's probate docket.

SIGNED _____ Nov. 13 _____, 2013.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

HARRELL & STOEBNER, P. C.

BY: _____
ERIC STOEBNER
Attorney for KANDA KOEHLER
State Bar No.: 24046919
2106 Bird Creek Drive
Temple, Texas  76502
Telephone:  (254) 771-1855
Facsimile:  (254) 771-2082

[2]

# E

NO. 29,462

| | |
|---|---|
| IN THE ESTATE OF | IN THE COUNTY COURT AT LAW |
| EVELYN LANDUA KOEHLER, | NUMBER ONE OF |
| DECEASED | BELL COUNTY, TEXAS |

FILED FOR RECORD
2013 DEC -5 P 2:53
SHELLEY COSTON
CO. CLK. BELL CO. TX

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1) Evelyn Koehler dies in Bell County, Texas on December 28, 2008;

2) Applicant, Jennifer Phy has possession and control of both the original Will and the holographic Codicil of Evelyn Koehler on or before August 27, 2012;

3) Applicant, Jennifer Phy, files the original Will for probate on August 27, 2012, and tenders the holographic Codicil to the County Clerk of Bell County on August 27, 2012 for "safe keeping";

4) Kanda Koehler (Codicil's proponent) admits she saw a copy of said Codicil on or about June 26, 2012, but did not have possession or control of the original Codicil, nor the right to control possession and disposition of said Will or Codicil;

5) Codicil "proponent" Kanda Koehler, did not receive a "copy" of said holographic Codicil until August or September of 2012, when same was mailed to her by Kristen Mynar, Attorney of Record for Jennifer Phy;

6) Kanda Koehler was not a devisee nor a legatee under the terms of the Last Will and Testament and Codicil of Evelyn Koehler;

7) Kanda Koehler was not named as the representative of theEstate of Evelyn Koehler under the terms of said Will nor of said Codicil;

8) Kanda Koehler (Codicil's proponent) testified she did not know nor understand the "effect" of the filing of said Codicil with the County Clerk of Bell County, Texas for safe keeping;

9) Kanda Koehler did not know that Kristen Mynar, Attorney of record for Jennifer Phy, was not representing her also until on or about __June 26, 2012__ , as evidenced by Contestant's Exhibit #C1 (e-mails between Kristen Mynar to Kanda Koehler) admitted into evidence without objection (copy of Ex. #C1 attached hereto for reference);

10) That on December 28, 2012, four years lapsed from Evelyn Koehler's death;

11) Kanda Koehler filed her Application for probate of Holographic Codicil with the Clerk of the Court on August 27, 2013;

12) That Kanda Koehler's actions in not filing an application to Probate said Codicil until August 27, 2013, were not unreasonable under the existing circumstances;

13) That Kanda Koehler used and acted with due diligence in filing her application to probate said Codicil on August 27, 2013;

14) That admitting said Codicil to probate would not work an injustice or frustrate the intent of the Testratrix, but instead would carry out the intent of the Testratrix;

15) That said Codicil dated December 24, 2008, was wholly in the handwriting of Evelyn Koehler and was signed by her;

16) That on December 24, 2008, Evelyn Koehler was eighteen years of age or older, and was of sound mind;

17) Kanda Koehler appointed Administratrix of the Estate of John Koehler, Cause # 29,761 on November 13, 2013;

18) That John Koehler's Estate Cause #29,761 is a devisee and legatee of the Estate of Evelyn Koehler, Cause #29,462;

19) Kanda Koehler not in "default" in failing to offer the Codicil for probate on or before December 24, 2012.

## Conclusions of Law

Kanda Koehler had no legal standing to offer Codicil for probate until John Koehler's will admitted to probate and Kanda Koehler appointed Administratrix of Estate Cause No. 29,761 on the _24 th_ day of _____April_____, 2013.

SIGNED _____Dec. 5th_____, 2013.

_____
(PRESIDING JUDGE

66